[Cite as *State v. Jirousek*, 2013-Ohio-5267.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2013-G-3128** **and 2013-G-3130** |
| MICHAEL D. JIROUSEK, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Geauga County Court of Common Pleas, Case Nos. 11 C 000164 and 12 C 000061.

Judgment: Affirmed in part; reversed in part and remanded.

*James R. Flaiz,* Geauga County Prosecutor, and *Nicholas A. Burling,* Assistant Prosecuting Attorney, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Paul A. Mancino, Jr.,* Mancino, Mancino & Mancino, 75 Public Square, #1016, Cleveland, OH 44113-2098 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} This appeal follows two separate judgments of conviction based on appellant Michael Jirousek's guilty pleas. In the first case, appellant pleaded guilty to various felony-sexually oriented offenses ("Case No. 11C000164") and, in the second, he pleaded guilty to a misdemeanor assault ("Case No. 12C000061"). The cases were consolidated by this court for purposes of appeal and appellant now challenges various aspects of the judgments of conviction entered by the Geauga County Court of

Common Pleas. For the reasons that follow, we affirm in part, reverse in part, and remand the matter for further proceedings.

**{¶2}** CASE NO. 11C000164

**{¶3}** On November 21, 2011, appellant was indicted on one count of importuning, in violation of R.C. 2907.07(D)(1), a felony of the fifth degree; one count of unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A), a felony of the fourth degree; and one count of endangering children, a violation of R.C. 2919.22(B)(5), a felony of the second degree.

**{¶4}** Appellant ultimately entered pleas of guilty to one count of felony-five importuning; one count of felony-four unlawful sexual conduct with a minor, and one count of felony-four pandering obscenity involving a minor, a stipulated, lesser-included offense of endangering children. The court set the matter for sentencing and ordered a presentence investigation report ("PSI").

**{¶5}** After a hearing, appellant was sentenced to 17 months imprisonment for unlawful sexual conduct with a minor; 11 months imprisonment for importuning, to run concurrently with the 17-month sentence; and 12 months for pandering obscenity involving a minor, to run consecutively to the 17-month aggregate sentence for the first two counts. Appellant was notified that, by pleading to the importuning charge, he would be classified a Tier I sex offender and obligated to register for a period of 15 years, which would have to be updated annually. The court additionally advised appellant that, by pleading to the charges of unlawful sexual conduct with a minor and pandering, he would be classified as a Tier II sex offender and be required to register and reregister every six months for a period of 25 years.

2

{¶6} <u>CASE NO 12C000061</u>

{¶7} On June 20, 2012, appellant was indicted on one count of assault, in violation of R.C. 2903.123(A)(C)(2)(b), a felony of the fifth degree. On July 10, 2012, appellant was arraigned and pleaded not guilty before Judge Forrest W. Burt. After the proceedings were adjourned, the court reconvened because appellant, as he left the courtroom, cast a vulgar epithet at the prosecutor. The court found appellant in contempt of court and ordered appellant to serve a total sentence of 20 days in jail; the sentence was suspended and the case was ultimately assigned to Judge David L. Fuhry for all remaining proceedings.

{¶8} Appellant entered a plea of guilty to assault, in violation of R.C. 2903.13(A), a misdemeanor of the first degree. The court set the matter for sentencing and indicated its intention to consider the PSI from Case No. 11C000164.

{¶9} The case came on for sentencing and the court imposed a 180-day jail term for the misdemeanor assault count; the court further imposed the suspended 20-day sentence for appellant's contempt at the arraignment. Each term was ordered to be served concurrently with the prison terms imposed in Case No. 11C000164.

{¶10} Appellant assigns 15 errors for this court's review. For ease of discussion, we shall consolidate our analysis of appellant's first, second, and third assignments of error. They provide, respectively:

{¶11} "[1.] Defendant was denied due process of law when the court sentenced defendant immediately for a comment which was arguably protected by the First Amendment and judicial privilege."

3

{¶12} "[2.] Defendant was denied due process of law when he was summarily found in contempt of court and immediately sentenced."

{¶13} "[3.] Defendant was denied due process of law when the court failed to grant defendant allocution before imposing a sentence for contempt."

{¶14} During a July 10, 2012 status hearing, the trial court convened for appellant to stipulate to his competency to stand trial and to accept appellant's then-entered plea of not guilty to the charge of felony-five assault in Case No. 12C000061. After the proceedings adjourned, the court reconvened due to an exchange between appellant and the prosecutor in which the former referred to the latter as a "pussy." Appellant apologized on record. The trial court, however, did not accept the apology and rebuked appellant, stating: "This gentleman is doing his job. He's an assistant prosecutor. He's an officer of the court. He's an officer of the state. What makes you possibly think that it's acceptable to call him that under the circumstances?"

{¶15} The court subsequently held appellant in contempt, sentenced him to 10 days in jail, and suspended the sentence. In response to the court's action, appellant offered to "drop and give [the court] five hundred instead[.]" The court reiterated its contempt finding and increased the appellant's sentence to 20 days in jail. The court again suspended the sentence. The court, via a different judge, later imposed the 20 days in a January 10, 2013 judgment entry, and ordered the sentence to run consecutive with the 180-day sentence for the first-degree misdemeanor assault to which he pleaded guilty; and each sentence was ordered to run concurrently with appellant's felony sentences entered in Case. No. 11C000164.

{¶16} Preliminarily, the state asserts that the contempt order was a valid and final order when the court entered the order. As a result, it argues, appellant's arguments relating to that order are untimely.

{¶17} The state is correct that a judgment of contempt becomes final and appealable when there is a finding of contempt and the imposition of a penalty. *O'Grady v. O'Grady*, 11th Dist. Trumbull No. 2012-T-0004, 2012-Ohio-4208, ¶34. Furthermore, courts have held that an order finding a party in contempt that imposes a suspended jail sentence meets these criteria. *See Abernathy v. Abernathy*, 8th Dist. Cuyahoga No. 92708, 2010-Ohio-435, ¶37; *The Estate of Renee Harrold v. Collier*, 9th Dist. Wayne Nos. 07CA0074 and 08CA0024, 2009-Ohio-2782, ¶14; *Peterson v. Peterson*, 5th Dist. Muskingum No. CT2003-0049, 2004-Ohio-4714, ¶8. And, in this case, appellant did not file his first notice of appeal, however, until January 10, 2013, some six months after the order was issued from the bench. To the extent the order was final and appealable on July 10, 2012, i.e., the date of its issuance, appellant has failed to invoke this court's jurisdiction to consider the order. In this respect, appellant's first, second, and third assignments of error are not properly before this court.

{¶18} Notwithstanding this conclusion, it is well-settled that a court speaks only through its journal entries. *See e.g. State v. King*, 11th Dist. Portage No. 2008-P-0040, 2010-Ohio-3254, ¶55. Following this axiom, the order became final and appealable upon its ultimate journalization; to wit: January 10, 2013. Appellant filed his notice of appeal of the entry on February 4, 2013, well within the 30-day window for invoking this court's jurisdiction. Assuming appellant timely filed his appeal of the contempt order,

5

however, the record indicates that appeal has been rendered moot by the expiration of the sentence.

{¶19} Sentencing occurred on December 14, 2012. Appellant was given 158 days credit and, as a result, his sentence for the assault conviction expired on January 5, 2013, 22 days after the court's imposition of punishment. Furthermore, appellant's contempt convictions would have expired January 25, 2013, 20 days after the expiration of the assault sentence.

{¶20} The Supreme Court of Ohio has observed that, "[t]he completion of a sentence is not voluntary and will not make an appeal moot if the circumstances surrounding it demonstrate that the appellant neither acquiesced in the judgment nor abandoned the right to appellate review, that the appellant has a substantial stake in the judgment of conviction, and that there is subject matter for the appellate court to decide." *Cleveland Heights v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, paragraph one of the syllabus. In the case of a misdemeanor conviction,

{¶21} a misdemeanant who contests charges at trial and, after being convicted, seeks a stay of execution of sentence from the trial court for the purpose of preventing an intended appeal from being declared moot and thereafter appeals the conviction objectively demonstrates that the sentence is not being served voluntarily, because no intent is shown to acquiesce in the judgment or to intentionally abandon the right of appeal. *Id.* at ¶ 23.

{¶22} Conversely, when an appellant completes a misdemeanor sentence without requesting a stay pending appeal and does not offer evidence from which an

6

appellate court could infer that the appellant would suffer collateral disability or loss of civil rights stemming from the misdemeanor conviction, the appeal is moot. *State v. Jones*, 9th Dist. Wayne No. 12CA0024, 2012-Ohio-6150, ¶ 52.

{¶23} "A direct contempt is one committed in the presence of or so near the court as to obstruct the due and orderly administration of justice." *See e.g. In re Lands*, 146 Ohio St. 589, 595 (1946). In this case, appellant made the contemptible remarks both near the court and before the judge. The contemptible conduct, therefore, was a form of direct contempt. "A direct contempt conviction is a petty or minor offense, and only a misdemeanor, when its punishment is imprisonment not in the penitentiary and not for more than a year." *In re Stukey*, 2d Dist. Montgomery No. 15604, 1996 Ohio App. LEXIS 4583, *2 (Oct. 11, 1996), citing *In re Neff*, 20 Ohio App.2d 213 (5th Dist.1969).

{¶24} Because appellant's sentence has expired, he did not move for a stay of execution of that sentence, and has offered no evidence that he will suffer a collateral disability or a loss of civil rights from the misdemeanor conviction, his satisfied judgment is rendered moot as a matter of law.

{¶25} Given the foregoing analysis, appellant's first three assigned errors lack merit.

{¶26} Appellant's fourth assignment of error provides:

{¶27} "Defendant was denied due process of law when the court imposed a consecutive sentence without appropriate findings."

{¶28} In *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, the Ohio Supreme Court set forth a two-step process for reviewing felony sentences. The first step is to

"examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Id.* at ¶4. If the first prong is satisfied, the second prong requires the trial court's judgment to be reviewed under the abuse-of-discretion standard.

**{¶29}** H.B. 86, which became effective on September 30, 2011, revived the language provided in former R.C. 2929.14(E) and moved it to R.C. 2929.14(C)(4). The revisions to the felony sentencing scheme under H.B. 86 now require a trial court to make specific findings when imposing consecutive sentences. Appellant was sentenced on December 27, 2012 and therefore the new provisions apply.

**{¶30}** R.C. 2929.14(C)(4) provides:

**{¶31}** If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

**{¶32}** (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

8

{¶33} (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶34} (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶35} The legislature, in amending former R.C. 2929.14(E)(4), intended:

{¶36} "to simultaneously repeal and revive the amended language in those divisions that was invalidated and severed by the Ohio Supreme Court's decision in *State v. Foster*, 109 Ohio St.3d 1, 2006 Ohio 856, 845 N.E.2d 470." The General Assembly further explained that the amended language in those divisions "is subject to reenactment under the United States Supreme Court's decision in *Oregon v. Ice*, (2009) 555 U.S. 160, 129 S. Ct. 711, 172 L. Ed. 2d 517, and the Ohio Supreme Court's decision in *State v. Hodge*, (2010) [128] Ohio St.3d [1], slip opinion no. 2010-Ohio-6320, 941 N.E.2d 768, * * *." *State v. Beckworth,* 11th Dist. Ashtabula No. 2012-A-0051, 2013-Ohio-1739, ¶14, quoting Section 11, H.B. 86.

9

{¶37} Accordingly, the legislature intended courts to interpret the language in current R.C. 2929.14(C)(4) in the same manner as the courts did prior to *Foster*. *Beckworth*, *supra*.

{¶38} Appellant, however, did not object to the imposition of consecutive sentences at the sentencing hearing and has consequently forfeited all but plain error. *See* Crim.R. 52(B); *State v. Wilson*, 10th Dist. Franklin No.12AP-551, 2013-Ohio-1520, ¶8. Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting rights may be noticed although they were not brought to the attention of the court." An error is "plain" when it is an obvious defect in the trial proceedings.

{¶39} In this case, the trial court sentenced appellant to 12 months for felony-four pandering obscenity and ran that sentence consecutively to a 17-month prison term (11 months for felony-five importuning and 17 months for felony-four unlawful conduct with a minor, to be served concurrently). The trial court, however, did not set forth any findings to support the imposition of consecutive sentencing as required by R.C. 2929.14(C)(4). The trial court is required to make the appropriate statutory findings prior to imposing consecutive sentence. We therefore hold the trial court committed plain error as a matter of law when it imposed consecutive sentences in this case.

{¶40} Appellant's fourth assignment of error has merit.

{¶41} For his fifth assignment of error, appellant contends:

{¶42} "Defendant was denied his Sixth Amendment right when the court sentenced defendant based on facts not admitted at the time of the plea."

{¶43} Although the disposition of appellant's fourth assignment of error requires the court to resentence appellant, we shall address appellant's sentencing argument as

10

any arguable error is capable of repetition at a future hearing. That said, appellant contends that his Sixth Amendment right to trial by jury was violated when the trial court, at sentencing in Case No. 11C000164, relied upon facts to which he never admitted. Appellant relies upon the Sixth Amendment jurisprudence announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004). Appellant misconstrues the import of these cases.

**{¶44}** In general, *Apprendi* and *Blakely* stand for the proposition that a jury must determine any fact, other than a prior conviction, that increases the maximum authorized penalty for a crime. *See State v. Elmore*, 122 Ohio St.3d 472, 2009-Ohio-3478, ¶5. In *Foster*, *supra*, the Supreme Court of Ohio held that former R.C. 2929.14(B), 2929.14(C), 2929.14(E)(4), and R.C. 2929.19(B)(2) violate a defendant's Sixth Amendment right to a jury trial by requiring a court to make particular findings before imposing more-than-the-minimum, the maximum, or consecutive sentences.[1] The Court consequently excised all unconstitutional aspects of Ohio's sentencing scheme pursuant to *Apprendi* and *Blakely.*

**{¶45}** After *Foster*, Ohio's felony sentencing scheme no longer violated the Sixth Amendment because a trial court was no longer *obligated* to make findings before imposing a felony sentence; rather, a court could, in its discretion, impose any sentence (or sentences) so long as it is within the available punitive ranges set forth under R.C. 2929.14(A), and doing so does not amount to an abuse of discretion. Moreover, post-*Foster*, the court, within its discretion, may choose to support its sentence by setting forth its reasons for selecting the sentence imposed. If it elected to do so, this exercise

---

1. As discussed above, the Ohio legislature, pursuant to *Ice*, *supra*, and *Hodge*, *supra*, revived the requirements of former R.C. 2929.14(E)(4), which mandated certain factual findings before a court imposes consecutive sentences. Those requirements were re-codified under R.C. 2929.14(C)(4).

did not violate the Sixth Amendment because the court's findings or justifications are not a statutory condition precedent to imposing the selected sentence, but merely a function of the court's discretion.

{¶46} In this case, prior to imposing sentence, the court made certain observations on record, all of which were gleaned either from the sentencing hearing or the PSI. In particular, the court advised appellant that the statute prohibiting unlawful sexual conduct with a minor requires an offender to either know the age of the victim or act recklessly in that regard. The court noted that in appellant's version of events, he believed that one of the victims, a 13-year-old girl, was 19 years old. The court stated that, even assuming appellant possessed this belief, his behavior was reckless and he "chose to fool [him]self." The court continued:

{¶47} Having said that, when you are out trolling on the internet and then in terms of luring that person to the vehicle and then saying you can't get out until we have sex, that certainly qualifies as being reckless, especially when you found this person on the internet.

{¶48} I do find that in fact the victim of counts one and two was 13. The victim of count three the age was at least or at most 17, or could have been as young as 15, depending on those activities.

{¶49} We emphasize that this information came directly from information submitted to the court at the sentencing hearing as well as the PSI, which included the official police version of events as well as appellant's version of the offenses. At sentencing, a trial court is required to consider "the record, and information presented at the hearing, any presentence investigation report, and any victim impact statement."

12

*State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶37. Considering and relying upon this information does not run afoul of *Foster*, *Apprendi*, or *Blakely* because Ohio law does not *mandate* the court to make findings based upon such information to increase an otherwise maximum-authorized penalty. Rather, the information merely exists to provide the court assistance in fashioning a sentence consistent with the purposes and principles of felony sentencing. We therefore hold the trial court did not err in relying upon information that appellant did not specifically admit at his plea hearing.

**{¶50}** Appellant's fifth assignment of error lacks merit.

**{¶51}** Appellant's sixth assignment of error provides:

**{¶52}** "Defendant was denied due process of law when he was sentenced for fourth and fifth degree felonies to prison rather than a community control sanction."

**{¶53}** Appellant contends the trial court erred by sentencing him to prison terms for the fourth- and fifth-degree felonies to which he was sentenced because he was entitled to community control sanctions. We do not agree.

**{¶54}** R.C. 2929.13(B)(1)(a) provides, in relevant part:

**{¶55}** Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply:

**{¶56}** * * *

13

**{¶57}** (iv) The offender previously *has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.* (Emphasis added.)

**{¶58}** In October 2012, appellant had entered a plea of guilty to misdemeanor assault. Consequently, at the time of sentencing, December 2012, appellant had pleaded guilty to a misdemeanor offense of violence within two years of the court's sentence. Because appellant failed to meet one of the four statutory criteria of R.C. 2929.13(B)(1)(a), he was not entitled to community control.

**{¶59}** Furthermore, R.C. 2929.13(B)(1)(b) specifically provides, in relevant part:

**{¶60}** The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:

**{¶61}** * * *

**{¶62}** (v) The offense is a sex offense that is a fourth or fifth degree felony violation of any provision of Chapter 2907. of the Revised Code.

**{¶63}** Appellant pleaded guilty to felony-four unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A) and felony-four pandering obscenity involving a minor, in violation of R.C. 2907.321(A)(5). Appellant also pleaded guilty to felony-five importuning, in violation of R.C. 2907.07(D)(1). Each of these crimes is a sex offense of the fourth or fifth degree in violation of R.C. Chapter 2907. Thus, even assuming

14

appellant had not pleaded guilty to misdemeanor assault, the court still possessed the discretion to sentence him to prison.

**{¶64}** Appellant's sixth assignment of error lacks merit.

**{¶65}** Appellant's seventh assignment of error provides:

**{¶66}** "Defendant was denied due process of law when the court did not fully explain the penalties for entering pleas of guilty to sexually oriented offenses."

**{¶67}** When determining whether the trial court has met its obligations under Crim.R. 11 in accepting a plea, appellate courts have distinguished between constitutional and non-constitutional rights. With respect to the constitutional rights, a trial court must advise a defendant that, by pleading guilty, he or she is waiving: "(1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination." *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, at syllabus. A trial court must strictly comply with those provisions of Crim.R. 11(C) that relate to the waiver of constitutional rights and the failure to do so invalidates the plea. *Veney*, *supra*; *see also State v. Lavender*, 11th Dist. Lake No. 2000-L-049, 2001 Ohio App. LEXIS 5858, *11 (Dec. 21, 2001).

**{¶68}** Alternatively, the remaining non-constitutional rights set forth under Crim.R. 11 require the court to: (1) determine the defendant understands the nature of the charge(s) and possesses an understanding of the legal and practical effect(s) of the plea; (2) determine the defendant understands the maximum penalty that could be imposed; and (3) determine that the defendant is aware that, after entering a guilty plea

15

or a no contest plea, the court may proceed to judgment and sentence. *See* Crim.R. 11(C)(2)(a) and (b); *see also State v. Nero*, 56 Ohio St.3d 106, 108 (1990). Although literal compliance with Crim.R. 11 as it pertains to the non-constitutional rights is preferred, an advisement substantially complying with the letter of the rule is legally sufficient. *Nero, supra*. A court substantially complies where the record demonstrates the defendant, under the totality of the circumstances, subjectively understood the implications of the plea and the rights waived. *Id*.

{¶69} Furthermore, even when a trial court fails to substantially comply with the non-constitutional requirements of Crim.R. 11(C), such an error is reversible if a defendant demonstrates he or she was prejudiced by the lack of compliance. *State v. Johnson*, 40 Ohio St.3d 130, 134 (1988); *see also* Crim.R. 52(A); Crim.R. 33. The test for prejudice is "whether the plea would have otherwise been made." *Nero, supra*.

{¶70} Appellant argues the trial court provided an incomplete statement of the penalties to which he would be subject as a consequence of his plea to sexually oriented offenses in Case No. 11C000164. In particular, appellant argues his plea was not entered with a full understanding of the nature of the charge because the trial court did not inform him of the residency restrictions that attach to the crimes to which he pleaded. We do not agree.

{¶71} At the plea hearing, the trial court informed appellant of the maximum terms of imprisonment and fines to which he would be subject by pleading to the sexually oriented offenses. The court further stated that, by pleading to the importuning charge, appellant would be classified a Tier I sex offender and obligated to register for a period of 15 years, which would have to be updated annually. The court additionally

16

advised appellant that, by pleading to the charges of unlawful sexual conduct with a minor and pandering, he would be classified as a Tier II sex offender and be required to register and reregister every six months for a period of 25 years. The court did not, until sentencing, advise appellant that he would be precluded from residing within 1,000 feet of a school, daycare, or child care facility.

**{¶72}** Appellant was notified he would be subject to various notification and reporting requirements as a Tier I and II sex offender for the terms specified in the statute. And the totality of the circumstances demonstrate that, by pleading to the sex offenses at issue, appellant understood he would be subjected to various limitations and restrictions as a result of his classifications. Hence, even though the court did not inform appellant of the residency restriction, we conclude the court substantially complied with Crim.R. 11(C)(a) and (b). *See State v. Creed*, 8th Dist. Cuyahoga No. 97317, 2012-Ohio-2627, ¶17 (holding where record demonstrated court advised defendant of his obligations to register and notify for life as a Tier III sex offender, the failure to specifically inform him of residency restrictions did not invalidate the plea.)

**{¶73}** Further, even if we determined the court's omission did not substantially comply with Crim.R. 11, appellant has failed to argue he suffered prejudice. And the record supports the lack of notice of the residency restriction was harmless. To wit, upon learning, at sentencing, he would be subject to the residency restriction, no objection was entered. This suggests appellant did not find the restriction substantively problematic or prejudicial. Without some demonstration of prejudice, we decline to find appellant's plea invalid.

**{¶74}** Appellant's seventh assignment of error lacks merit.

**{¶75}** Appellant's eighth assignment of error asserts:

**{¶76}** "Defendant was denied due process of law when the court did not determine that the defendant understood the nature of the offenses to which he was entering pleas of guilty."

**{¶77}** Appellant contends his plea was not knowingly and voluntarily entered because the trial court failed to ensure he understood the nature of the offenses to which he was pleading. We do not agree.

**{¶78}** At the plea hearing, the trial court asked appellant if he understood that his plea would act as an admission of guilt to the crimes of importuning, a felony of the fifth degree; unlawful sexual conduct with a minor, a felony of the fourth degree; and pandering obscenity involving a minor, a felony of the fourth degree. Appellant stated he understood this. The court continued:

**{¶79}** [L]et's talk about the third count, there's some aspects about that. That was referred to by the prosecutor as a stipulated lesser included offense. Now, the significance of that, among your rights you could insist that a grand jury indict you on that because it's a different charge than you were originally indicted for.

**{¶80}** By stipulating that it's a lesser included offense, you are telling me that you are willing to proceed with that offense in your plea today on that charge and not - - or you're giving up your right to have a grand jury consider whether you should be indicted for that offense. Do you understand that?

**{¶81}** Appellant responded in the affirmative.

18

**{¶82}** The court later advised appellant the maximum terms of imprisonment of the charges as well as the maximum fines appellant was facing. And, as discussed above, the court also explained appellant would be classified as both a Tier I and Tier II sex offender as a result of his pleas and advised appellant of the notification and registration requirements that attach to his classifications. Appellant stated on record that he had no questions regarding the court's explanations.

**{¶83}** With the foregoing in mind, we conclude the court advised appellant and satisfactorily determined he understood the legal and practical effects of entering his pleas. The record therefore demonstrates the appellant had a sufficient understanding of the nature of the offenses to which he was pleading guilty.

**{¶84}** Appellant's eighth assignment of error lacks merit.

**{¶85}** For his ninth assigned error, appellant contends:

**{¶86}** "Defendant was denied due process of law when the court did not completely inform defendant about court costs but imposed full court costs in his judgment entry of sentencing."

**{¶87}** Under this assignment of error, appellant asserts the trial court failed to comply with the requirements of R.C 2947.23(A)(1)(a) when it imposed costs in Case No. 11C000164. R.C. 2947.23 has been amended since appellant's sentencing, but at the time of sentencing, it provided, in relevant part:

**{¶88}** In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs. At the

19

time the judge or magistrate imposes sentence, the judge or magistrate shall notify the defendant of both of the following:

{¶89} (a) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service in an amount of not more than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in full compliance with the approved payment schedule.

{¶90} In relevant part, the 2012 amendment, effective March 22, 2013, substituted, in the second sentence of the language of section (A)(1)(a), "If" for "At the time," and substituted "a community control sanction or other nonresidential sanction" for "sentence," and also inserted the phrase "when imposing the sanction" to that sentence.

{¶91} Given our disposition of appellant's fourth assignment of error, this matter must be remanded for resentencing on appellant's felonies. On remand, the trial court must proceed in light of the amended version of R.C. 2947.23. Any arguable error in the court's imposition of costs in the original judgment is therefore rendered moot.

{¶92} Appellant's ninth assignment of error is without merit.

{¶93} Appellant's tenth, eleventh, twelfth, and thirteenth of assignments of error are related and shall be addressed together. They state, respectively:

{¶94} "[10.] Defendant was denied due process of law when he was sentenced twice for contempt before two different judges."

20

{¶95} "[11.] Defendant has been denied due process of law when the court imposed a jail sentence for contempt after that sentence had been suspended by another judge."

{¶96} "[12.] Defendant was denied due process of law when he was sentenced for contempt which had occurred before a different judge."

{¶97} "[13.] Defendant was denied due process of law when he was sentenced for contempt without any evidence."

{¶98} Pursuant to our disposition of appellant's first, second, and third assigned errors, assignments of error 10 through 13 are moot. That is, because appellant's sentence on the misdemeanor, direct contempt order has expired, he did not move for a stay of execution of that sentence, and has offered no evidence that he will suffer a collateral disability or a loss of civil rights from the misdemeanor conviction, these challenges to his satisfied judgment are moot as a matter of law. *See Lewis, supra.*

{¶99} Appellant's tenth, eleventh, twelfth, and thirteenth assignments of error lack merit.

{¶100} Appellant's fourteenth and fifteenth assignments of error provide:

{¶101} "[14.] Defendant was denied due process of law when he was sentenced to a maximum misdemeanor sentence of 180 days based on judicial factfinding."

{¶102} "[15.] Defendant was denied due process of law when the court did not completely inform defendant about court costs but imposed full court costs in his judgment entry of sentence."

{¶103} Similar to the assignments of error challenging appellant's direct contempt order, appellant's arguments relating to his sentence on the misdemeanor assault

21

charge are moot. Appellant's sentence for the assault plea expired on January 5, 2013. Appellant, however, did not move for a stay of execution of that sentence, nor has he offered any evidence that he will suffer a collateral disability or a loss of civil rights from the misdemeanor conviction. Thus, these challenges to his satisfied judgment are moot as a matter of law.

{¶104} Appellant's fourteenth and fifteenth assignments of error are without merit.

{¶105} For the reasons discussed in this opinion, appellant's fourth assignment of error is sustained. All remaining assigned errors are without merit. The matter is therefore reversed and remanded to the trial court for resentencing in Case No. 11C000164 due to the trial court's failure set forth proper findings to support the imposition of consecutive sentencing as required by R.C. 2929.14(C)(4). The judgment of the trial court is accordingly affirmed in part, reversed in part, and remanded.

TIMOTHY P. CANNON, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.