[Cite as *State v. Jarrells*, 2014-Ohio-2703.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2013-L-090** |
| - vs - | : | |
| ROBERT F. JARRELLS, JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 13 CR 000307.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Alana A. Rezaee*, Assistant Prosecutor, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Charles R. Grieshammer*, Lake County Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Appellant, Robert F. Jarrells, Jr., appeals from the August 27, 2013 judgment of the Lake County Court of Common Pleas, sentencing him for failure to comply with order or signal of police officer and operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them ("OVI"), with an accompanying specification.

{¶2} On October 20, 2012, a Kirtland police officer observed appellant's vehicle weaving left of center on State Route 306. After activating the cruiser's lights and sirens, the officer followed appellant's vehicle over an eight mile period into South Russell Township. Other officers joined in the pursuit. Appellant was eventually stopped after officers deployed stop sticks and deflated the tires on appellant's car. After the stop, officers made additional observations that appellant was impaired, including the smell of an alcoholic beverage, slurred speech, and glassy eyes.

{¶3} Appellant was subsequently indicted by the Lake County Grand Jury on three counts: count one, failure to comply with order or signal of police officer, a felony of the third degree, in violation of R.C. 2921.331(B); count two, OVI, a felony of the third degree, in violation of R.C. 4511.19(A)(1)(a), with an accompanying specification pursuant to R.C. 2941.1413; and count three, OVI, a felony of the third degree, in violation of R.C. 4511.19(A)(2), with an accompanying specification pursuant to R.C. 2941.1413.[1] Appellant pleaded not guilty to all charges.

{¶4} Appellant later withdrew his former not guilty plea and entered a written plea of guilty to counts one and two, with the accompanying OVI specification. The trial court accepted appellant's plea and dismissed count three. The court referred the matter to the Adult Probation Department for a presentence investigation and report.

{¶5} The trial court sentenced appellant to 24 months in prison on count one and 24 months on count two, to be served consecutively. The court also sentenced appellant to an additional four years on the OVI specification in count two. Thus,

---

1. The offenses were committed while appellant was out on bail in a Cuyahoga County OVI case, Case No. CR-11-556216. Appellant's record includes five or more prior OVI violations within 20 years of committing the instant offenses.

2

appellant was sentenced to a total of eight years in prison.[2]  Additionally, the court suspended appellant's driver's license, ordered him to complete a drug and alcohol treatment program, and notified him that post-release control is optional up to a maximum of three years.  Appellant filed a timely appeal asserting the following assignment of error:

{¶6}  "The trial court erred by sentencing the defendant-appellant to eight years in prison."

{¶7}  In his sole assignment of error, appellant argues that the trial court erred in imposing an eight-year total prison term where its findings under R.C. 2929.12 were not supported by the record and where it failed to give careful and substantial deliberation to the relevant statutory considerations.

{¶8}  "In *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, * * *, the Ohio Supreme Court set forth a two-step process for reviewing felony sentences.  The first step is to 'examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law.'  *Id.* at ¶4.  If the first prong is satisfied, the second prong requires the trial court's judgment to be reviewed under the abuse-of-discretion standard."  (Parallel citation omitted.)  *State v. Jirousek*, 11th Dist. Geauga Nos. 2013-G-3128 and 2013-G-3130, 2013-Ohio-5267, ¶28.

{¶9}  On September 30, 2011, Ohio's sentencing statutes were revised pursuant to H.B. 86.  Although trial courts have full discretion to impose any term of imprisonment within the statutory range, they must consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12.

---

2. Appellant also received a four year prison term in Cuyahoga County Case No. CR-11-556216.

3

**{¶10}** H.B. 86 amended R.C. 2929.11, which now states:

**{¶11}** "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."

**{¶12}** "However, there is still no 'mandate' for the sentencing court to engage in any factual findings under R.C. 2929.11 or R.C. 2929.12." *State v. Jones*, 12th Dist. Butler No. CA2012-03-049, 2013-Ohio-150, ¶49, citing *State v. Rose*, 12th Dist. Butler No. CA2011-11-214, 2012-Ohio-5607, ¶78; *State v. Putnam,* 11th Dist. Lake No. 2012-L-026, 2012-Ohio-4891, ¶9. "Rather, the trial court still has discretion to determine whether the sentence satisfies the overriding purpose of Ohio's sentencing structure." *Jones* at ¶49; *See* R.C. 2929.12 (which provides a nonexhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.) *See also State v. Parsons,* 7th Dist. Belmont No. 12 BE 11, 2013-Ohio-1281, ¶12 ("'A sentencing court must consider * * * the seriousness and recidivism factors in R.C. 2929.12. *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶38, * * *.")

{¶13} In this case, appellant was sentenced for third degree felonies on August 27, 2013, after H.B. 86 was enacted. Thus, H.B. 86 applies here. Appellant maintains the trial court failed to give appropriate consideration and weight with respect to the impact of his untreated alcoholism, his sincere remorse, and his desire for treatment and recovery. He contends the trial court erred in imposing an excessive prison term.

{¶14} With regard to his sentence, appellant pleaded guilty to one count of failure to comply with order or signal of police officer, and one count of OVI, both third degree felonies. Under H.B. 86, the legislature created a two-tiered sentencing structure for third degree felonies. H.B. 86 amended R.C. 2929.14(A)(3) to change the range of possible prison terms for certain third degree felonies. Applicable here, R.C. 2929.14(A)(3)(b) decreases the range of penalties for most felonies of the third degree to 9, 12, 18, 24, 30, or 36 months. However, although not applicable in this case, R.C. 2929.14(A)(3)(a) maintains the maximum 60-month penalty for the following offenses: aggravated vehicular homicide, vehicular homicide, vehicular manslaughter, aggravated vehicular assault, vehicular assault, sexual battery, unlawful sexual conduct with a minor, or gross sexual imposition, or robbery or burglary if the offender previously has been convicted of or pleaded guilty in two or more separate proceedings to two or more aggravated robbery, robbery, aggravated burglary, or burglary offenses.

{¶15} As stated, appellant pleaded guilty to one count of failure to comply with order or signal of police officer, and one count of OVI, both third degree felonies. The trial court sentenced appellant to 24 months in prison on each count. Thus, we find that appellant's sentence on counts one and two is proper, as it falls within the permissible statutory range under R.C. 2929.14(A)(3)(b).

{¶16} In addition, appellant's sentence also included an additional four years on the OVI specification, pursuant to R.C. 2941.1413, in count two.

{¶17} R.C. 2941.1413, "Specification concerning additional prison term for certain repeat OVI offenders," states in part:

{¶18} "(A) Imposition of a mandatory additional prison term of one, two, three, four, or five years upon an offender under division (G)(2) of section 2929.13 of the Revised Code is precluded unless the indictment, count in the indictment, or information charging a felony violation of division (A) of section 4511.19 of the Revised Code specifies that the offender, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more equivalent offenses. The specification shall be stated at the end of the body of the indictment, count, or information and shall be stated in substantially the following form:

{¶19} "'SPECIFICATION (or, SPECIFICATION TO THE FIRST COUNT). The Grand Jurors (or insert the person's or the prosecuting attorney's name when appropriate) further find and specify that (set forth that the offender, within twenty years of committing the offense, previously had been convicted of or pleaded guilty to five or more equivalent offenses).'"

{¶20} In this case, regarding count two, the indictment specifies:

{¶21} "**SPECIFICATION 2941.1413 TO COUNT 2**

{¶22} "The Grand Jurors further find and specify that **ROBERT F. JARRELLS, JR.** has been previously convicted of or pleaded guilty to five or more violations of division (A) or (B) of R.C. 4511.19 or other equivalent offenses, within twenty years of committing this offense * * *."

6

{¶23} Thus, an additional prison term of one, two, three, four, or five years on the specification is provided for in R.C. 2941.1413. As a result, we find no error in the indictment or in the trial court's decision to sentence appellant to four years on the specification.

{¶24} At the sentencing hearing, appellant agreed that he looked "terrible" on paper but that he became an alcoholic a long time ago. He acknowledged that everything on his record was the result of alcohol. Appellant merely desired "one more chance." Frank Doering, who had known appellant for 17 years, spoke to the court. Mr. Doering indicated that appellant always thought of others and deserved another chance. James Resk, appellant's nephew, also spoke to the court. Mr. Resk stated that appellant had always been there for him and he did not want to see appellant "get lost in the system again."

{¶25} In conclusion, the trial judge stated the following at the sentencing hearing:

{¶26} "The Court has considered the overriding purposes and principles of felony sentencing set forth in Revised Code 2929.11, those being to punish this defendant, as well as to protect the public from future crimes committed by this defendant, as well as by others.

{¶27} "In determining the most effective way to comply with those purposes and principles, the Court has considered all relevant factors, including but not limited to those set forth in 2929.12 that relate to the seriousness of these crimes, as well as the likelihood that Mr. Jarrells will commit crimes in the future. The Court has also considered the complete record in this case, which does include the pre-sentence

investigation and report, as well as the recommendations of the Adult Probation Department.

{¶28} "The Court has also received, reviewed and considered numerous letters from family members and friends, as well. I did receive, review, and have considered the pre-sentence memorandum prepared by Mr. Quinn and filed here with the Court on behalf of his client, and I've considered all of the statements made here in open court today, as well as the recommendations that are being made.

{¶29} "More specifically, the Court has considered the fact that the offense in this case was committed while the defendant was out on bail in the Cuyahoga County Common Pleas Court case. He was awaiting trial at that time for the DUI charges in Cuyahoga County.

{¶30} "I've also considered the history of juvenile delinquency adjudications. There were five prior adjudications in four separate cases, adjudications for unauthorized use of a motor vehicle, theft of a truck, breaking and entering, incorrigibility, and lighted light.

{¶31} "I've also considered the prior criminal conviction history as an adult. There appears to be thirty convictions in nineteen separate cases, nine of those being felony offenses, along with the eight prior OVIs. Also, there are three fleeing and eluding convictions in the past included in that number.

{¶32} "There are convictions that are in the pre-sentence report for public indecency, receiving stolen property, three counts of prowling, criminal trespass, vandalism, aggravated burglary, two additional counts of aggravated burglary, another count of aggravated burglary, theft, receiving stolen property, attempted grand theft of a

motor vehicle, two counts of assault, criminal damaging, resisting arrest, criminal mischief, disorderly conduct, violating a protection order, disorderly conduct, another violation * * * two more violations of protection orders, contempt of court, attempted drug possession, another violating a protection order, attempted intimidation of a victim or a witness, domestic violence convictions, and then, the operating vehicles under the influence of alcohol occurred between 2000 and the present.

{¶33} "The defendant has clearly not responded favorably when sanctions were previously imposed, which is obvious by the continued commission of criminal offenses. In addition, there are probation violations reflected in the pre-sentence report, both as a juvenile, in '85, as well as some adult violations, two in 2000, one in 2001.

{¶34} "Without question, there has been a significant and serious alcohol addiction issue. Alcohol consumption has been heavy over the years and, quite frankly, appears to have been the cause of many of the criminal convictions I've just set forth.

{¶35} "I've also considered the fact that the defendant has previously been sent to prison. Prison terms were imposed in '91, 2001, 2006, 2009, and the most recent imprisonment for a crime back in November of 2012. I think the sentence was in November of 2012. In addition, I've considered the fact that the defendant had only been out of prison about a year, released in September of 2011, when he began committing the alcohol-related offenses that got him in trouble Downtown, in Cuyahoga County, as well as here.

{¶36} "So, I've taken all of that into consideration. There are mandatory prison terms that must be imposed in this particular case, and, therefore, community control is not an option for the sentencing here today. A prison term is mandatory. A prison term

9

is required on portions of the sentences, and, therefore, prison is the sentence that must be imposed."

**{¶37}** Furthermore, the trial court stated the following in its sentencing entry:

**{¶38}** "The Court has considered the record, oral statements, pre-sentence report submitted by the Adult Probation Department of the Court of Common Pleas, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12.

**{¶39}** "The Court finds that Defendant was afforded all rights pursuant to Crim.R. 32 and was given the opportunity to speak before judgment and sentence was pronounced against him."

**{¶40}** Thus, the record reflects the trial court gave due deliberation to the relevant statutory considerations. The court considered the purposes and principles of felony sentencing under R.C. 2929.11, and balanced the seriousness and recidivism factors under R.C. 2929.12. Further, the record reveals the court properly advised appellant regarding post-release control. Therefore, the trial court complied with all applicable rules and statutes and, as a result, properly sentenced appellant.

**{¶41}** For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed.

TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.

10