[Cite as *State v. Jirousek*, 2016-Ohio-7743.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | **:** | **O P I N I O N** |
| Plaintiff-Appellee, | **:** | |
| - vs - | **:** | CASE NO. 2015-G-0039 |
| MICHAEL D. JIROUSEK, | **:** | |
| Defendant-Appellant. | **:** | |

Criminal Appeal from the Geauga County Court of Common Pleas, Case No. 11 C 000164.

Judgment: Affirmed.

*James R. Flaiz,* Geauga County Prosecutor, and *Nicholas A. Burling,* Assistant Prosecuting Attorney, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Paul A. Mancino, Jr.,* Mancino, Mancino & Mancino, 75 Public Square, #1016, Cleveland, OH 44113-2098 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, P.J.

{¶1} Appellant, Michael D. Jirousek, appeals from the judgment of the Geauga County Court of Common Pleas denying, after a hearing, his motion to terminate post-release supervision. We affirm.

{¶2} On November 21, 2011, appellant was indicted on one count of importuning, in violation of R.C. 2907.07(D)(1), a felony of the fifth degree; one count of unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A), a felony of the

fourth degree; and one count of endangering children, in violation of R.C. 2919.22(B)(5), a felony of the second degree.

{¶3} Appellant ultimately entered pleas of guilty to one count of felony-five importuning; one count of felony-four unlawful sexual conduct with a minor, and one count of felony-four pandering obscenity involving a minor, a lesser-included offense of endangering children. The court set the matter for sentencing and ordered a presentence investigation report ("PSI").

{¶4} After a hearing, appellant was sentenced to 17 months imprisonment for unlawful sexual conduct with a minor; 11 months imprisonment for importuning, to run concurrently with the 17-month sentence; and 12 months for pandering obscenity involving a minor, to run consecutively to the 17-month aggregate sentence for the first two counts.

{¶5} Appellant appealed the judgment and, in *State v. Jirousek*, 11th Dist. Geauga Nos. 2013-G-3128 and 2013-G-3130, 2013-Ohio-5267 ("*Jirousek I*"), this court affirmed the court's judgment in part, reversed it in part, and remanded the matter for resentencing. Appellant subsequently filed an application for reconsideration and a motion to certify a conflict. Each of these motions was denied.

{¶6} On January 24, 2014, appellant was resentenced to 11 months imprisonment for importuning and 17 months imprisonment for unlawful sexual conduct with a minor. These terms were ordered to run concurrently. For pandering obscenity, appellant was sentenced to five years of community control, six months of which was to be served as residential community control. The trial court also advised him that he could face a 17-month prison sentence for violating the terms of his community control based upon the pandering conviction. The court acknowledged that appellant was

entitled to 646 days of jail credit toward his prison sentences. Given the jail credit, appellant was immediately placed on residential community control. The trial court further advised appellant that he was subject to a mandatory five years post-release control under the supervision of the adult parole authority. Appellant appealed that judgment and, in *State v. Jirousek*, 11th Dist. Geauga No. 2014-G-3192, 2015-Ohio-949 ("*Jirousek II*"), this court affirmed the trial court's judgment.

{¶7} Appellant subsequently filed a motion to terminate post-release supervision. Appellant argued that because he was placed immediately on community control after resentencing, as opposed to being sent back to prison, the adult parole authority could not place him on post-release control. The state opposed the motion and, after a hearing, the trial court entered judgment denying appellant's motion. Appellant appeals and assigns the following error:

{¶8} "Defendant was denied due process of law when the court essentially ruled that it had no authority over post-release control."

{¶9} Appellant argues the court erred when it denied his motion to terminate his post-release control because, after his resentencing, he was immediately committed to a residential community control facility. Because he was not serving a prison term when he was ultimately released from the community control facility, he maintains the parole board could not impose post-release control.

{¶10} Appellant seizes on the language of R.C. 2967.28(B), which provides in relevant part:

{¶11} Each sentence to a prison term for a felony of the first degree, for a felony of the second degree, for a felony sex offense, or for a felony of the third degree that is an offense of violence and is not a felony sex offense shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board

3

*after the offender's release from imprisonment*. This division applies with respect to *all prison terms* of a type described in this division, including a term of any such type that is a risk reduction sentence. (Emphasis added.)

**{¶12}** As appellant was not "released from imprisonment" when he was ultimately released from residential community control, he asserts the parole board had no statutory authority to impose post-release control. We do not agree.

**{¶13}** Preliminarily, appellant's argument does not challenge the validity of the trial court's post-release control notification; rather, he contends, given the facts of his case, the parole board has no authority to carry out the imposition of post-release control. This issue was ripe at the time he filed his notice of appeal in *Jirousek II*. Appellant could have posed the challenge at that time, but did not. "[A]ny issues that * * * could have been raised by a defendant * * * on direct appeal are res judicata and not subject to review in subsequent proceedings." *State v. Lintz*, 11th Dist. Lake No. 2010-L-067, 2011-Ohio-6511, ¶36. In this respect, the doctrine of res judicata operates to bar the instant argument.

**{¶14}** Even if the issue were not barred by res judicata, appellant's argument would still lack merit. We acknowledge the statute provides that post-release control is imposed by the parole board after an offender's release from prison. We, however, do not agree with appellant's construction of the statute at issue.

**{¶15}** Appellant's argument ignores the fact that, as a result of his plea, he was sentenced to and served a term of imprisonment. Simply because he was placed on residential community control immediately following resentencing does not negate the prison term he actually served as a result of his plea of guilty. R.C. 2967.28(B)(1) provides direction as to how post-release control will be imposed, i.e., by the parole

4

board after an offender's release from prison. Under the circumstances of this case, it appears the parole board imposed post-release control after appellant's release from the residential community control. Even if this did not occur immediately after appellant's release from imprisonment, i.e., after resentencing, the statute does not specifically contemplate such action. And, in any event, the record suggests the parole board imposed post-release control at some point *after* appellant was released from imprisonment.

{¶16} Appellant cannot abrogate the parole board's authority to carry out its obligation under the statute by asserting his placement in residential community control after resentencing somehow erased the prison term he served for two of his underlying convictions. Appellant was sentenced to and served a term of imprisonment. As part of the same sentence, he was subsequently placed on residential community control. Even though the parole authority imposed community control upon his release from residential community control, this still occurred after his release from prison. Other than the prepositional phrase "after the offender's release from prison," the statute does not provide a specific timeframe for the parole board to impose post-release control. We therefore conclude the parole board's action in this case was a valid exercise of its statutory authority pursuant to appellant's judgment of conviction.

{¶17} Appellant's assignment of error lacks merit.

{¶18} For the reasons discussed above, the judgment of the Geauga County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.

5