[Cite as *State v. Marcellino*, 2019-Ohio-3329.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2019-G-0199**<br>**2019-G-0200** |
| BIANCA MARCELLINO, | : | |
| Defendant, | : | |
| KAREN MARCELLINO, | : | |
| Appellant. | : | |

Criminal Appeals from the Chardon Municipal Court, Case Nos. 2018 CRB 00664 A and 2018 CRB 00664 B.

Judgment: Appeals dismissed.

*J. Jeffrey Holland* and *Danamarie Kristyna Pannella*, Holland and Muirden, 1343 Sharon-Copley Road, P.O. Box 345, Sharon Center, OH 44274 (For Plaintiff-Appellee).

*Michela J. Huth*, P.O. Box 17, Bolivar, OH 44612 (For Appellant).

MATT LYNCH, J.

{¶1} Appellant, Karen Marcellino, filed appeals from the judgments of the Chardon Municipal Court, denying her motions to intervene and to prevent the forfeiture of property in the underlying criminal proceedings. Appellee, the State of Ohio, filed a Motion to Dismiss arguing that the appeals are moot. For the following reasons, we dismiss the appeals as moot.

{¶2} On February 21, 2019, Bianca Marcellino, Karen's daughter, was found guilty of two counts of Cruelty to Animals, following a trial at which testimony demonstrated that Bianca had two horses in her possession which were not properly fed and were severely emaciated. On March 1 and 4, 2019, Karen filed an Emergency Motion to Intervene and Motion Demanding Return of Karen Marcellino's Property and an Amended Emergency Motion, in which she alleged that she was the owner of the two horses that had been seized from Bianca's property and they should be returned to her. The court denied both motions on March 4, 2019.

{¶3} On March 5, Bianca was sentenced. As a "Term of Community Control/Probation," the court ordered that she "forfeits ownership of the two horses that are the subject of this case to the Geauga Humane Society." On the same date, Bianca filed a Motion for Stay, which was denied.

{¶4} Karen filed the present appeals from the lower court's judgments denying her requests to intervene and for the return of the horses.

{¶5} The State filed a Motion to Dismiss on June 10, 2019. Therein, the State contends that the appeals are moot since the Geauga County Humane Society no longer possesses the horses and the relief requested cannot be afforded. Attached to the Motion is the affidavit of Humane Agent Christian Courtwright, attesting that the ownership of the horses was transferred to a third party on March 6, 2019.

{¶6} Karen filed a motion in opposition on June 20, 2019, in which she argues that "[e]vidence outside of the record shows the horses are still under the control of Geauga County Humane Society"[1] and the lower court's judgment was an invalid order

---

1. No affidavit was presented to support this assertion and we do not find that argumentation made in a brief in opposition adequately rebuts the sworn statement presented by the State to the contrary.

2

of forfeiture.

{¶7} "A case is moot when there is no longer a matter in controversy or the parties have no legally cognizable interest in the outcome." *State v. Schormuller*, 11th Dist. Lake No. 2012-L-124, 2013-Ohio-2043, ¶ 6. "'Moot cases are dismissed * * * [when] [t]he requested relief has been obtained, it serves no further purpose, it is no longer within the court's power, or it is not disputed.'" *State v. Elersic*, 11th Dist. Lake No. 2001-L-130, 2002-Ohio-6696, ¶ 6, quoting *Wilkins v. Wilkinson*, 10th Dist. Franklin No. 01AP-468, 2002 WL 47051, *4 (Jan. 15, 2002).

{¶8} Here, the affidavit submitted by the State demonstrates that the ownership of the forfeited horses has been transferred from the Geauga County Humane Society to a third party. In *Schormuller*, this court addressed a similar matter. The defendant appealed from a trial court's order of forfeiture of the animals following a conviction for Cruelty to Animals. Since affidavit testimony established that the judgment of forfeiture had been executed and the animals were no longer in the custody of the Humane Society, the "events * * * made it impossible for this court to grant appellant the relief she was ultimately seeking." *Id.* at ¶ 8. Thus, this court dismissed the appeal as moot. Here, Karen's appeals are based on her sole contention that the lower court did not follow proper forfeiture proceedings and thus "the horses were not subject to criminal forfeiture * * *." Such relief, reversing a forfeiture order, cannot be afforded since the horses are no longer available to be returned to her.

{¶9} Although not applicable in the present matter, it is also worth noting that an appeal can proceed in a misdemeanor case where the sentence may have been served but the defendant has sought a stay. *State v. Jirousek*, 2013-Ohio-5267, 2

3

N.E.3d 981, ¶ 21-22 (11th Dist.). While Bianca did file a motion for a stay, Karen took no action following the order of forfeiture to prevent this matter from becoming moot.

{¶10} Finally, as emphasized by the State, Karen is not precluded from seeking relief through alternate means such as filing a civil suit alleging improper forfeiture and seeking damages for the loss of the horses. *See Barton v. Cty. of Cuyahoga*, 8th Dist. Cuyahoga No. 105008, 2017-Ohio-7171, ¶ 9 (pursuing various causes of action, including replevin and conversion, for forfeiture of property ordered in a criminal case). Nonetheless, such relief is not possible in the present proceeding.

{¶11} The State's June 10, 2019 Motion to Dismiss is granted and the appeals are hereby dismissed. Costs to be taxed against appellant.

THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

4