The STATE of Ohio, Appellee,

v.

HENNIS, Appellant.

[Cite as *State v. Hennis,* 165 Ohio App.3d 66, 2006-Ohio-41.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 2005–CA–65.

Decided Jan. 6, 2006.

Stephen A. Schumaker, Clark County Prosecuting Attorney, and William H. Lamb, Assistant Prosecuting Attorney, for appellee.

Matthew Ryan Arntz and George A. Katchmer, for appellant.

FAIN, Judge.

{¶ 1} In this appeal, defendant-appellant, William J. Hennis, appeals both from an order denying his petition for postconviction relief and from the judgment of conviction and sentence. Hennis contends that the trial court erred by denying his petition for postconviction relief without a hearing, upon res judicata grounds, and that the trial court erred by sentencing him to more than a minimum prison term.

{¶ 2} We conclude that the trial court did err by rejecting Hennis's petition for postconviction relief upon res judicata grounds. Accordingly, that order is reversed, and this cause is remanded for consideration of Hennis's petition consistent with this opinion.

{¶ 3} We do not now decide Hennis's appeal from the judgment of conviction and sentence, but retain this appeal on our docket for disposition once the Supreme Court of Ohio has decided *State v. Quinones*, Supreme Court case No. 2004–1771, and *State v. Foster*, Supreme Court case No. 2004–1568, two cases in which the application of *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, to Ohio's felony-sentencing statutes is at issue.

## I

{¶ 4} Hennis was indicted in 2002 on five counts of gross sexual imposition, one count of rape, and four counts of sexual battery. During pretrial proceedings, the rape count was dismissed. Following a trial, Hennis was convicted on all five counts of gross sexual battery and all four counts of sexual battery. He was sentenced to a term of incarceration totaling 30 years and was classified as a sexually oriented offender.

{¶ 5} An initial appeal resulted in the affirmance of Hennis's conviction, but a remand for resentencing. Hennis filed a pro se petition for postconviction relief, and a supplemental petition was filed by counsel. The petition was denied without a hearing, upon the ground that the ineffective assistance of trial counsel claim raised in the petition is barred by res judicata. Four days later, the trial court resentenced Hennis, again imposing a sentence totaling 30 years. In this appeal, Hennis appeals both from the denial without a hearing of his petition for postconviction relief and from his sentence.

## II

{¶ 6} Hennis's first assignment of error is as follows:

{¶ 7} "The trial court erred in denying the appellant's petition [for postconviction relief] without a hearing."

{¶ 8} In its decision denying Hennis's petition for postconviction relief without a hearing, the trial court reasoned as follows:

{¶ 9} "The issues raised in defendant's motions are barred by res judicata. The issue of ineffective assistance of counsel was raised on direct appeal and the remaining issues could have been raised at that time."

{¶ 10} Hennis asserts that the issue of ineffective assistance of trial counsel that he raised on direct appeal is different from the issue of ineffective assistance of counsel that he is seeking to raise in his petition for postconviction relief and could not have been raised on direct appeal because it depends for its adjudication upon matters outside the record of the original trial. We agree.

{¶ 11} In general, it is almost always difficult, if not impossible, to adjudicate a claim of ineffective assistance of trial counsel with reference solely to matters contained in the record of the original trial, because the record of a trial is not made up on the issue of trial counsel's effectiveness, but on the issue of the defendant's guilt of the crime or crimes charged. Fairness to the state, as well as to the defendant, requires that this point always be borne in mind. A defendant, for reasons unrelated to his criminal exposure, may insist upon waiving a right. For example, he may have the right to call a witness in his own

defense, but it may be more important to him to protect that witness, possibly a loved one, from possible retaliation and harm. The defendant and his counsel may have had extensive, acrimonious discussions about this subject, with the defendant insisting not only that the witness not be called, but that the existence of this difference of opinion between lawyer and client not be brought to the attention of the trial court, lest it result in harm to the witness. There would be no record of the defendant's election to waive his right to call the witness, and the state could be prejudiced by adjudicating the issue of trial counsel's ineffectiveness without having had an opportunity to explore the subjects of the attorney's advice to his client and the client's instructions to his attorney.

{¶ 12} In this case, the claims of ineffective assistance of trial counsel made in support of Hennis's petition for postconviction relief, although addressed in two pro se submissions, were most clearly articulated in counsel's supplemental petition. These were summarized in the supplemental petition as counsel's failure, despite being aware thereof, to explore the following evidentiary issues at trial:

{¶ 13} "1. The medical problems and effects of medication on the Defendant's sexual desire and ability to get an erection.

{¶ 14} "2. The discrepancy in the length and comprehensiveness of an audio-recorded conversation between the Complainant and the Defendant.

{¶ 15} "3. A witness who would have testified that it was virtually impossible for the Defendant to have been alone at home with the Complainant at the times recited in the indictment.

{¶ 16} "4. Discovery materials indicating that the Defendant had molested the Complainant in 1991, two years prior to having custody."

{¶ 17} The claims of ineffective assistance of trial counsel raised in the initial appeal in this case are summarized in our decision as follows:

{¶ 18} "Hennis argues that his counsel was ineffective for failing to file a motion to suppress, for failing to object to the admission of certain evidence, for failing to subpoena and review children's services agency's ('CSA') records, for failing to object to the admission of hearsay testimony and a report, and for failing to object to the prosecution leading the witness." *State v. Hennis*, 2nd Dist. No. 2003 CA 21, 2005-Ohio-51, 2005 WL 32796, ¶ 16.

{¶ 19} Upon review of the details of the ineffective assistance of trial counsel claims made in Hennis's original appeal, as set forth in our opinion in that appeal, we note that the only issue involving any overlap with the claims of ineffective assistance of trial counsel he is now seeking to raise in his petition for postconviction relief involves the argument that his trial counsel should have objected to the admission of the audiotape of a conversation between himself and his victim. The

argument on this point in his original appeal dealt with a claimed violation of a prohibition against intercepting certain oral communications without a warrant, contained in R.C. 2933.52(B)(3), which is not the basis of any claim set forth in his petition.

{¶ 20} We conclude that the claims of ineffective assistance of trial counsel set forth in Hennis's petition for postconviction relief were not raised in his original, direct appeal. Furthermore, we conclude that they could not have been adjudicated with reference solely to the record of the trial court proceedings, because they involve claims that Hennis's trial counsel failed to present evidence on certain subjects. Therefore, the trial court erred when it applied the doctrine of res judicata to bar Hennis's claims and denied his petition without a hearing.

{¶ 21} The state cites *State v. Calhoun* (1999), 86 Ohio St.3d 279, 714 N.E.2d 905, for the proposition that a trial court is not obliged to have a hearing on every petition for postconviction relief, but may weigh the petitioner's affidavits and find them lacking in credibility. In a proper case, that may be so. In any event, that is not what occurred here. The trial court did not make any findings that Hennis's affidavits were lacking in credibility, but simply applied the doctrine of res judicata to bar his claims. That was error.

{¶ 22} Hennis's first assignment of error is sustained.

III

{¶ 23} Hennis's second assignment of error is as follows:

{¶ 24} "The court erred in sentencing the appellant to more than the statutory minimum since he is a first-time offender."

{¶ 25} This assignment of error is raised in connection with Hennis's appeal from his resentencing. In its support, Hennis relies upon *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. This issue was raised at the resentencing hearing, and was therefore preserved for appellate review. The Supreme Court of Ohio has two cases on its docket, *State v. Quinones*, Supreme Court case No. 2004–1771, and *State v. Foster*, Supreme Court case No. 2004–1568, both of which have now been argued, in which the application of *Blakely v. Washington* to Ohio's felony-sentencing statutes is at issue. We will await the guidance of the Supreme Court of Ohio in the *Quinones* and *Foster* cases before attempting to resolve this issue.

{¶ 26} Accordingly, Hennis's second assignment of error is held in abeyance, and we will retain jurisdiction of his appeal from his resentencing on our docket.

## IV

{¶ 27} Hennis's first assignment of error having been sustained, the order of the trial court denying his petition for postconviction relief is reversed, and that matter is remanded to the trial court for further proceedings in accordance with this opinion. Hennis's second assignment of error being held in abeyance, our jurisdiction to review his resentencing is retained, and this appeal will remain on our docket for that purpose.

Judgment reversed in part
and cause remanded.

BROGAN, P.J., and GRADY, J., concur.