[Cite as *State v. Curtis*, 2013-Ohio-1690.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE   COUNTY

STATE OF OHIO                          :
                                       :        Appellate Case No. 2011-CA-56
            Plaintiff-Appellee         :
                                       :        Trial Court Case No. 06-CR-628
v.                                     :
                                       :
NATHAN L. CURTIS, JR.                  :        (Criminal Appeal from
                                       :         Common Pleas Court)
            Defendant-Appellant        :
                                       :

. . . . . . . . . . .

O P I N I O N

Rendered on the 26th day of April, 2013.

. . . . . . . . . . .

STEPHEN K. HALLER, Atty. Reg. #0009172, by STEPHANIE R. HAYDEN, Atty. Reg.
#0082881, Greene County Prosecutor's Office, 61 Greene Street, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

NATHAN L. CURTIS, JR., #558-451, London Correctional Institution, 1580 S.R. 56, Post
Office Box 69, London, Ohio 43140
        Defendant-Appellant, *pro se*

JESSICA M. SHIVELY, Atty. Reg. #0088114, 1105 Wilmington Avenue, Dayton, Ohio
45420-4108
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.,

        {¶ 1}   Defendant-appellant Nathan Curtis appeals from the trial court's denial of his

second motion to withdraw his plea on the grounds that res judicata barred its consideration. Based on our review of the record, we conclude that the trial court correctly ruled that Curtis's July 28, 2011 "Motion to Withdraw Plea" is barred by res judicata. We affirm.

## I. Facts

### A. The previous appeal

{¶ 2}    This case has been here before. The following background facts are set forth in our previous opinion, *State v. Curtis*, 2d Dist. Greene No. 2008 CA 22, 2008-Ohio-5643.

On August 4, 2006, Curtis shot Ronald Wakefield once in each leg after taking him to a remote area, because Wakefield allegedly stole 25 pounds of marijuana from Curtis. On July 9, 2007, Curtis pled guilty to one count of felonious assault, in violation of R.C. 2903.11(A)(2), a felony of the second degree, and to one amended count of attempted kidnaping, in violation of R.C. 2923.02 and R.C. 2905.01(A)(3), also a felony of the second degree. The State dismissed gun specifications on the above offenses, and it also dismissed one count of aggravated assault, with a gun specification, and one count of abduction, with a gun specification, in exchange for Curtis' pleas.

Curtis and the State further agreed that Curtis would cooperate with the A.C.E. Drug Task Force.[1] According to counsel for Curtis at Curtis' plea hearing,

---

[1] The ACE Task Force is the Greene County Agencies for Combined Enforcement, which is comprised of the Greene County Sheriff's Office, local police departments, and the prosecutor's office. Ohio Task Force Commanders Association, *Greene County Agencies for Combined Enforcement*, http://otfca.net/greene-county-agencies-for-combined-enforcement/ (accessed April 17, 2013). The task force belongs to the Ohio Task Force Commanders Association, which "target[s] the flow of illegal drugs and organized criminal activity into Ohio communities * * *." Ohio Task Force Commanders

"The position of the State is that if Mr. Curtis fulfills his obligation, that the recommendation would be for a four-year sentence with a further recommendation of judicial release after 12 months. * * * and obviously his behavior with the Drug Task Force and during the 12-month period of time he's in prison will be determinative of the Court's position. But that is not in writing for obvious reasons." The State indicated its agreement with Curtis' summary.

The court then advised Curtis as follows: "It is important for you to understand the maximum penalties that could be imposed in regard to the charges to which you are pleading. I am going to advise you that the maximum prison sentence that the court could impose is 16 years and the maximum fine is $30,000.00 or both. Do you understand that?" Curtis indicated his understanding.

The Petition to Enter Plea Form that Curtis signed and initialed provides in paragraph 10, "My lawyer has informed me that the maximum punishment which the law provides for the offense(s) charged in the indictment/ information is 16 years of imprisonment * * *."

The trial court further instructed Curtis as follows: "I want you to fill out your questionnaire for the Probation Department, see that it gets into the hands of the Probation Department as promptly as you can, see to it that an interview is set up with the Probation Department and present yourself with a positive attitude during that interview, being clean, sober, law-abiding between now and the time

---

Association, *Greene County Agencies for Combined Enforcement*, http://otfca.net/about/ (accessed April 17, 2013).

that occurs."

The trial court sentenced Curtis on September 5, 2007. On that date, Curtis was already in jail, having tested positive for marijuana in the course of a urinalysis conducted by the Probation Department. Before imposing sentence, the court indicated that Curtis' lawyer did an outstanding job on Curtis' behalf, noting, "there's limitations to what an attorney can do, and what I'm about to address is what you've done and what you haven't done." The court then noted that Curtis failed to timely appear at the Probation Department for his interview until his attorney contacted him and urged him to go. Curtis finally appeared on his "own time" without his questionnaire. The court noted, "When the interview took place, it was the clear impression of the Probation Officer who conducted this interview that you showed no remorse over the incident. Your position was that the victim in this case, Mr. Wakefield, stole a substantial amount of marijuana from you, being 25 pounds. You knew where the victim was. You went to argue with him and you took him to the country and you shot him." The trial court noted that Curtis indicated to the Probation Officer that he was currently selling marijuana, and that Curtis tested positive for marijuana and was currently in jail for that offense. The court noted that Curtis was 26 years old and his record contained 13 probation violations and a commitment to Department of Youth Services. The trial court then sentenced Curtis to eight years for felonious assault and eight years for attempted kidnapping, to be served consecutively, for a total term of 16 years. Curtis filed a motion to stay judgment, which the court overruled

on October 8, 2007, noting, "Defendant is an extremely dangerous and unremorseful violent drug dealer."

On October 15, 2007, Curtis filed a "Motion to Vacate Plea and for Postconviction Relief," arguing ineffective assistance of counsel. According to Curtis' Motion, "had counsel correctly explained the relevant law and the possible sentences, he would not have chosen the guilty plea with a potential 16-year term of imprisonment." Attached to the Motion is Curtis' Affidavit. The trial court held a hearing on the Motion on January 2 and 18, 2008, and overruled it. * * *

*Curtis*, 2008-Ohio-5643, at ¶ 1-7.

**{¶ 3}** Testifying at the motion-to-vacate hearing were Curtis, the director of the ACE Task Force, Curtis's defense counsel, and Tiffany Caldwell (with whom Curtis has a child). Curtis testified, in essence, that his defense counsel never told him that he could be sentenced to 16 years in prison. The ACE director testified that Curtis agreed to buy illegal drugs from at least three different people who were supplying the Greene County area. Each buy needed to equal at least three times bulk for the specific drug and needed to result in felony charges. The director said that "Curtis did not complete any buys but that he 'countered the efforts to have those buys come to fruition from potential Defendants.'" *Id*. at ¶ 14. Curtis's defense counsel testified about the plea negotiations and sentencing. Counsel said that he told Curtis what the potential maximum sentence was: "Curtis 'knew what the potentials were. Ultimately the potential turned into a reality.'" *Id*. at ¶ 15.

**{¶ 4}** In Curtis's 2008 appeal from the trial court's denial of his post-conviction-relief

petition and its overruling of his first motion to vacate,[2] we rejected the argument that Curtis's plea was involuntary because he did not understand the consequences. Curtis, we said, "was represented by highly competent counsel," *id*. at ¶ 25, and "was fully informed, by both the court and his attorney, that the court could impose a maximum sentence of 16 years," *id.* at ¶ 30. We also rejected Curtis's argument that the trial court failed to fully consider his request to withdraw his plea, saying that "Curtis sought to change his plea, after he received the maximum sentence, merely due to a change of heart." *Id*. at ¶ 25. We agreed with the trial court's finding that Curtis failed to perform as he promised in his agreement with the ACE Task Force and that he therefore breached the contract. Lastly, we concluded that Curtis's ineffective-assistance claim, based on defense counsel's alleged failure to assert that it was impossible for Curtis to perform under the contract because he was in jail, was wholly without merit for three reasons: one, Curtis did not make the argument in the trial court and we saw no plain error; two, the defense of impossibility did not apply to either his motion to vacate his plea or his petition for post-conviction relief; and three, Curtis, by hampering the Task Force's work, failed to perform as agreed before he ever went to jail.

## *B. The present appeal*

{¶ 5}   In July 2011, Curtis filed a second motion to withdraw his guilty plea. This motion is based on a different claim of ineffective assistance of counsel. In this one, Curtis claims that defense counsel was unprepared for the sentencing hearing and that this resulted in a longer sentence. In support, Curtis submitted evidence that he asserts he only recently discovered.

---

[2] The first motion is denominated as a "Motion to Vacate Plea" but it specifically references Crim. R. 32.1 which is entitled "Withdrawal of a Guilty Plea." We therefore sometimes refer to his motion to vacate as his first motion to withdraw his plea.

{¶ 6}    The trial court overruled the motion without a hearing, concluding that it is barred by res judicata. Curtis appealed.

## II. Review

{¶ 7}    It is Curtis's appointed appellate counsel's opinion that an appeal in the present case is wholly frivolous, and she has asked to withdraw as counsel. As required by *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L. Ed. 2d 493 (1967), appellate counsel filed a brief that refers to potential assignments of error that might arguably support the appeal. We informed Curtis that counsel had filed an *Anders* brief and gave him time to raise any other points for us to consider. Curtis filed a pro se brief that assigns two errors to the trial court. We consider these assignments of error first.

{¶ 8}    In his first assignment of error, Curtis alleges that the trial court erred in its determination that his motion to withdraw his plea is barred by res judicata. He contends that res judicata does not apply to the present motion to withdraw. Curtis says that, though the first motion to withdraw and the present motion to withdraw are both based on claims of ineffective assistance of defense counsel, the claims allege different deficient performance. The first claim, he says, alleged that counsel failed to properly advise him that he could be sentenced to 16 years in prison. The allegation in the present claim, says Curtis, is that counsel was not adequately prepared for the sentencing hearing. Also, Curtis says that the evidence supporting the present claim was not available when he filed the first motion.

{¶ 9}    The evidence that allegedly supports the present ineffective-assistance claim is an audio recording of a conversation that Curtis's mother had with his defense counsel, in the

presence of Tiffany Caldwell. During the conversation, says Curtis, counsel "admitted that he had not anticipated the sentence the Defendant received and was not prepared for this sentencing hearing." (Appellant's Brief, 5). Curtis's mother pertinently avers in an affidavit that she and Tiffany Caldwell spoke to defense counsel on the day of sentencing in his office after the sentencing hearing and that she recorded their conversation with counsel's knowledge.[3] She further avers that counsel "stated he was not prepared for the sentence imposed by the Court." Tiffany Caldwell avers the same in her affidavit.[4]

{¶ 10}   Curtis says that this lack of preparation resulted in a longer sentence. He asserts that he substantially complied with the terms of his agreement with the ACE Task Force. But he says, trial counsel was not prepared to argue the substantial-compliance issue, including that the State should be required to specifically comply with the agreement. This, contends Curtis, "directly resulted in a fourfold increase in the sentence Appellant was promised and that which was imposed," "from 4 to 16 years." (*Id*.). If counsel had been "even the least bit prepared," says Curtis, "he would have argued specific performance and substantial compliance with the terms of the agreement * * *." (*Id*.). As it was, "no record was made of the facts demonstrating that he [Curtis] had substantially complied with the terms of the agreement, and no argument was made requesting specific performance." (*Id*.).

{¶ 11}   "Under the doctrine of res judicata, '[a] point or a fact which was actually and directly in issue in a former action and was there passed upon and determined by a court of

---

[3] Curtis's mother's affidavit is attached to the motion to withdraw.

[4] Caldwell's affidavit is attached to the motion to withdraw too.

competent jurisdiction may not be drawn in question in any future action between the same parties or their privies, whether the cause of action in the two actions be identical or different.'" *State v. Ulery*, 2d Dist. Clark No. 2010 CA 89, 2011-Ohio-4549, ¶ 10, quoting *Norwood v. McDonald*, 142 Ohio St. 299, 52 N.E.2d 67 (1943), paragraph three of the syllabus. Applied in the current context, "'claims submitted in support of a Crim.R. 32.1 motion to withdraw plea that could have been raised on direct appeal, but were not raised in direct appeal, are barred by res judicata.'" *Id.*, quoting *State v. Madrigal*, 6th Dist. Lucas Nos. L-10-1142, L-10-1143, 2011-Ohio-798, ¶ 16. *Accord State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59 (saying that "Ohio courts of appeals have applied res judicata to bar the assertion of claims in a motion to withdraw a guilty plea that were or could have been raised at trial or on appeal").

{¶ 12} A claim of ineffective assistance of counsel could not have been asserted before if it relies on matters outside the record. *State v. Hennis*, 165 Ohio App.3d 66, 2006-Ohio-41, 844 N.E.2d 907, ¶ 20 (2d Dist.) (holding that res judicata did not bar the ineffective-assistance claims in the defendant's petition for post-conviction relief even though they were not raised in his original, direct appeal, where the claims asserted that counsel failed to present evidence). *Accord State v. Harden*, 2d Dist. Montgomery No. 23617, 2010-Ohio-3343, ¶ 23 (explaining that "[t]he petitioner in *Hennis* was able to again raise ineffective assistance of counsel arguments in his petition for post-conviction relief because those claims involved matters outside the record and could not have been raised on direct appeal").

{¶ 13} The audio recording was allegedly made in September 2007, when Curtis was sentenced. He timely filed a direct appeal of his conviction but, in January 2008, voluntarily

dismissed it. Curtis appealed his first motion to withdraw at the end of March 2008. Yet he says that it was not until 2011 that he "discovered that a tape-recording had been made," (*id*. at 2), or "obtained evidence of counsel's admission," (*id*. at 3). Curtis does not say why his mother did not tell him, for almost four years, what defense counsel had said to her, let alone that she had an audio recording of it. We note too that Tiffany Caldwell, who states in her affidavit that she had been present during the recording, testified at the hearing on Curtis's first motion to withdraw and never mentioned what defense counsel had said. Finally, although Curtis's trial attorney testified at the hearing on the first motion to withdraw that he was surprised at the sentence imposed, nothing in the questioning or his testimony suggests that he was unprepared for the sentencing hearing. Given all these circumstances we determine that Curtis has failed to demonstrate that he was unable to address these concerns at the hearing on the first motion.

{¶ 14} Regardless, even if the ineffective-assistance claim was not barred by res judicata and was successful, Curtis would not be permitted to withdraw his plea. Criminal Rule 32.1 pertinently provides that "to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1. "Ineffective assistance of counsel is a manifest injustice." (Citations omitted.) *State v. Moore*, 4th Dist. Pike No. 01CA674, 2002-Ohio-5748, ¶ 19. But it is grounds for withdrawing a guilty plea "only to the extent that counsel's ineffectiveness makes the plea less than knowing and voluntary." (Citation omitted.) *State v. Milbrandt*, 2d Dist. Champaign No. 2007-CA-3, 2008-Ohio-761, ¶ 9. In the present motion to withdraw, the ineffective-assistance claim is described this way:

[T]he Defendant was induced to enter a plea by promises by his attorney

concerning the length of his sentence and *the time he would actually serve*. Counsel led the Defendant and his family to believe that a sentence had been agreed to by the parties and the court. Further, Counsel repeatedly promised the Defendant that he would only serve 1 year. The Defendant was misled into pleading by these promises.

After the sentencing hearing herein, Counsel admitted that he was not prepared for this sentencing hearing and the severe sentence imposed. As such Counsel's performance fell below an objective standard of reasonable representation and the Defendant was prejudiced by the severe sentence imposed. Far beyond what had been repeatedly represented by counsel.

(Emphasis sic.) (July 28, 2011 Motion To Withdraw Plea, 5-6). Curtis calls the second paragraph's first sentence-and-a-half "the crux of the instant Motion to Withdraw Plea." (Appellant's Brief, 4). This claim alleges that defense counsel's failure to prepare for the sentencing hearing resulted in a longer prison sentence. But counsel's performance at the sentencing hearing had no effect on Curtis's plea decision, which Curtis made two months earlier.

{¶ 15} Curtis's first assignment of error is overruled.

{¶ 16} In his second assignment of error, Curtis alleges that the trial court erred by not granting his motion to withdraw. Given our ruling on the first assignment of error, that res judicata bars consideration of the motion, the second assignment of error is moot, so we do not address it. *Compare* App.R. 12(A)(1)(c).

{¶ 17} With respect to the *Anders* brief, appellate counsel refers to three things in the

record that might arguably support an appeal: that the trial court did not refer in the plea agreement to the agreement between Curtis and the ACE Task Force, that trial counsel did not ensure that the plea agreement referred to the agreement between Curtis and the ACE Task Force, and that the trial court denied Curtis's motion to withdraw without a hearing.

{¶ 18}   None of these items raises a nonfrivolous issue for appeal. The first two items raise issues that are plainly barred by res judicata. The third item raises an issue whose resolution is clear given that Curtis's ineffective-assistance claim would not allow withdrawal of his plea. A hearing was not required. *Compare State v. Wynn*, 131 Ohio App.3d 725, 728, 723 N.E.2d 627 (8th Dist.1998) (saying that "[a] hearing on a postsentence motion to withdraw a guilty plea is not required if the facts alleged by the defendant and accepted as true by the trial court would not require the court to allow the withdrawal of the plea"); *State v. Boshko*, 139 Ohio App.3d 827, 833, 745 N.E.2d 1111 (12th Dist.2000) (saying that "[g]enerally, a hearing is only 'required if the facts alleged by the defendant and accepted as true would require the court to permit that plea to be withdrawn,'" quoting *State v. Nathan*, 99 Ohio App.3d 722, 725, 651 N.E.2d 1044 (3d Dist.1995)).

{¶ 19}   Finally, we have examined for ourselves all of the proceedings in this case. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).   We agree with appellate counsel that there is no nonfrivolous issue for appeal.

{¶ 20}   Appellate counsel's request to withdraw is granted.

{¶ 21}   The trial court's judgment is affirmed.

. . . . . . . . . . . . .

FAIN, P.J., and WELBAUM, J., concur.

Copies mailed to:

Stephen K. Haller
Stephanie R. Hayden
Nathan L. Curtis, Jr.
Jessica M. Shively
Hon. Stephen Wolaver