[Cite as *State v. Kitts*, 2018-Ohio-366.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 17 CA 09 |
| SHANNON M. KITTS | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:        Criminal Appeal from the Court of Common
                                Pleas, Case No.  17 CR 01 0014


JUDGMENT:                       Affirmed


DATE OF JUDGMENT ENTRY:         January 29, 2018


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

CHARLES T. MCCONVILLE                   JOHN A. DANKOVICH
PROSECUTING ATTORNEY                    ASSISTANT PUBLIC DEFENDER
117 East High Street, Suite 234         110 East High Street
Mount Vernon, Ohio  43050               Mount Vernon, Ohio  43050

*Wise, J.*

**{¶1}** Defendant-Appellant Shannon M. Kitts appeals her felony convictions, in the Court of Common Pleas, Knox County, for drug trafficking and permitting drug abuse. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

**{¶2}** On October 11, October 13, November 15, and November 16, 2017, officers from the Knox County Sheriff's office and the Mount Vernon Police Department conducted controlled heroin purchases from appellant at a house on East Sugar Street in which she was living as a "squatter." The officers also became aware of persons overdosing in the house, which was located within one-thousand feet of a school.

**{¶3}** As a result of these investigations, appellant was indicted by the Knox County Grand Jury on January 23, 2017 on four counts of trafficking in heroin (originally charged under R.C. 2925.03(A)(1), amended at sentencing to R.C. 2925.03(A)(2), felonies of the fourth degree), and one count of permitting drug abuse (R.C. 2925.13(B), a felony of the fifth degree).

**{¶4}** On March 23, 2017, appellant appeared before the trial court with counsel and pled guilty to all of the above offenses. The court thereupon ordered a presentence investigation ("PSI").

**{¶5}** Following a hearing, the trial court sentenced appellant on April 28, 2017 *inter alia* as follows: Fifteen months in prison on Count 1, fifteen months on Count 2, fifteen months on Count 3, fifteen months on Count 4, and eleven months on Count 5, all subject to jail-time credit. All sentences were ordered to run consecutively.

**{¶6}** On May 11, 2017, appellant filed a notice of appeal. She herein raises the following three Assignments of Error:

**{¶7}** "I. THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES CONTRARY TO LAW.

**{¶8}** "II. THE TRIAL COURT ERRED IN JUDICIAL FACT-FINDING.

**{¶9}** "III. THE TRIAL COURT'S SENTENCE WAS NOT PROPORTIONAL."

I.

**{¶10}** In her First Assignment of Error, appellant contends the trial court erred in ordering her to serve consecutive prison sentences. We disagree.

**{¶11}** 2011 Am.Sub.H.B. No. 86 revived the language provided in former R.C. 2929.14(E) and moved it to R.C. 2929.14(C)(4). The General Assembly has thus expressed its intent to revive the statutory fact-finding provisions pertaining to the imposition of consecutive sentences that were effective in the pre-*Foster* era. *See State v. Wells,* 8th Dist. Cuyahoga No. 98428, 2013–Ohio–1179, ¶ 11. The Ohio Supreme Court has clearly held: "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell,* 140 Ohio St.3d 209, 16 N.E.3d 659, 2014-Ohio-3177, syllabus.

**{¶12}** Furthermore, we no longer review sentences pursuant to the standard set forth in *State v. Kalish,* 120 Ohio St. 3d 23, 2008–Ohio–4912, 896 N.E.2d 124. *See State v. Cox,* 5th Dist. Licking No. 16-CA-80, 2017-Ohio-5550, ¶ 9. We now review felony sentences using the standard of review set forth in R.C. 2953.08. *See State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶ 22.

**{¶13}** Under R.C. 2953.08(G)(2)(a), we are mandated in this instance to consider on appeal whether there is clear and convincing evidence that the record in the case *sub judice* does not support the sentencing court's findings under R.C. 2929.14(C)(4) to impose consecutive sentences. *See State v. Deeb,* 6th Dist. Erie No. E-14-117, 2015-Ohio-2442, ¶ 27.

**{¶14}** We thus direct our attention to R.C. 2929.14(C)(4), which provides as follows:

**{¶15}** If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)     The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶16}** Thus, in a nutshell, "R.C. 2929.14(C)(4) provides that a trial court may require the offender to serve multiple prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any one of three facts specified in subdivisions (a), (b), and (c)." *State v. Leet,* 2nd Dist. Montgomery No. 25966, 2015–Ohio–1668, ¶ 15 (internal quotations and brackets omitted).

**{¶17}** The trial court's written entry in the case *sub judice* includes the following:

The Court finds, pursuant to Ohio Revised Code Section 2929.14(C)(4), that the consecutive sentences are necessary to protect the public from future crime, or to punish the Defendant, and that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the Defendant poses to the public. The Court further finds at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of Defendants (sic) conduct, and the Defendant's history of criminal conduct demonstrates that

consecutive sentences are necessary to protect the public from future crime

by the offender.

**{¶18}** Sentencing Entry, April 30, 2017, at 2.

**{¶19}** The trial court also noted it had reviewed the results of the previously-ordered presentence investigation. *Id.* at 1.

**{¶20}** Appellant herein committed several trafficking felonies within one-thousand feet of a school, and permitted drug abuse in a house in which she resided without permission. The PSI reflected that appellant has had nine prior felony convictions, four of which involved drug trafficking. It also indicated appellant has a history of misdemeanor offenses, including falsification and theft. In addition to heroin, appellant has admitted to using marijuana, unspecified narcotics, Xanax, cocaine, inhalants and stimulants. The PSI included information that she had not been compliant with outpatient drug and alcohol treatment, and all three of her children were in children services custody. She has been unemployed since 2014 and has no other sources of income.

**{¶21}** A presumption of regularity attaches to all trial court proceedings. *See, e.g., Black v. Chiropractic Assocs. of Zanesville, L.L.C.,* 5th Dist. Muskingum No. CT2013–0012, 2014–Ohio–192, ¶ 20, citing *Chari v. Vore* (2001), 91 Ohio St.3d 323, 325, 744 N.E.2d 763. Upon review, we hold the trial court adequately reviewed the matter of consecutive sentences, and we find no clear and convincing evidence that the record does not support the trial court's findings under R.C. 2929.14(C)(4) for purposes of imposing consecutive sentences. *Deeb, supra.*

**{¶22}** Appellant's First Assignment of Error is therefore overruled.

II.

{¶23} In her Second Assignment of Error, appellant contends the trial court erred and violated her Sixth Amendment rights in engaging in judicial "fact-finding." We disagree.[1]

{¶24} The United States Supreme Court, in *Apprendi v. New Jersey,* (2000), 530 U.S. 466, 490, held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *See State v. Brewer*, 5th Dist. Ashland No. 05 COA 021, 2006-Ohio-3124, ¶ 7. However, subsequently, in *Oregon v. Ice,* 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009), the United States Supreme Court held that it was constitutionally permissible to require judicial fact-finding before imposing consecutive sentences. As noted above, H.B. 86, enacted in 2011, revived judicial fact-finding for consecutive sentences and revived the R.C. 2953.08(G) standard of review. The General Assembly indicated that the amended language in the consecutive sentence statutory divisions was subject to reenactment under *Oregon v. Ice* and the Supreme Court's decision in *State v. Hodge* (2010), 128 Ohio St.3d 1, 2010 Ohio 6320, 941 N.E.2d 768. *See State v. Long*, 11th Dist. Lake No. 2013-L-102, 2014-Ohio-4416, 19 N.E.3d 981, ¶75 - ¶77.

---

[1]   Although the present appeal is exclusively based on sentencing issues, the briefs herein provide little discussion on the question of appellate jurisdiction to hear all aspects of this matter, absent leave of court, under R.C. 2953.08. Nonetheless, we find the present *Apprendi*-based constitutional argument is not constrained by R.C. 2953.08, and we will proceed accordingly. *See State v. Torres*, 8th Dist. Cuyahoga No. 104905, 2017-Ohio-938, ¶ 8.

**{¶25}** In *State v. Jirousek*, 11th Dist. Geauga No. 2013-G-3128, 2013-Ohio-5267, 2 N.E.3d 981, the Eleventh District Court of Appeals considered a similar claim. The Court first noted that at sentencing, a trial court is required to consider " 'the record, and information presented at the hearing, *any presentence investigation report*, and any victim impact statement.' " *Id.* at ¶ 49, quoting *State v. Mathis,* 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 37 (emphasis added). *See, also,* R.C. 2919.19(B)(1). The Court then stated that considering and relying upon such information would not run afoul of *Apprendi* "because Ohio law does not mandate the court to make findings based upon such information to increase an otherwise maximum-authorized penalty." *Id.*

**{¶26}** In this instance, in addition to appellant's criminal history, the trial court relied upon information in the PSI that included supplemental narrative pages from Mount Vernon Police Detective J.T. DeChant recounting the drug activity at 204 East Sugar Street between August 26, 2016 and January 9, 2017. Det. DeChant's summary also recounted drug overdoses that occurred at the residence while appellant was present, as well as law enforcement and EMS calls to the residence during that time period. A description of drug paraphernalia seized on January 9, 2017 was also provided.

**{¶27}** Upon review, we find the trial court properly relied upon the PSI and the information therein, and thus find no merit in appellant's claim that her Sixth Amendment rights were violated under *Apprendi* during sentencing.

**{¶28}** Appellant's Second Assignment of Error is overruled.

III.

**{¶29}** In her Third Assignment of Error, appellant raises a disproportionality challenge to her sentences.

**{¶30}** While a disproportionality consideration is set forth in R.C. 2929.14(C)(4), *supra*, the issue has also been analyzed in relation to the "consistency" factor of R.C. 2929.11(B). *See*, *e.g.*, *State v. Hughes*, 5th Dist. No. 15CA0008, 2016-Ohio-880, 60 N.E.3d 765, ¶ 34. Ohio courts have recognized that consistency in sentencing pursuant to R.C. 2929.11(B) "does not necessarily mean uniformity." *See State v. Ryan,* 1st Dist. Hamilton No. C–020283, 2003–Ohio–1188, ¶ 10. As an appellate court, we may decline to compare a particular defendant's sentences with similar crimes in this or other jurisdictions unless there is an inference of gross disproportionality. *State v. King,* 5th Dist. Muskingum No. CT06–0020, 2006-Ohio-6566, ¶ 26, citing *State v. Vlahopoulos,* 8th Dist. Cuyahoga No. 80427, 2002–Ohio–3244.

**{¶31}** In support, in lieu of any comparative sentences regarding other defendants in Ohio, appellant argues that her "punishment for living in a heroin house while she was a heroin addict, was not only culpability for the crimes of others that went on there, but the imputation of the evil associated with the idea of the house, which pushes past the limits of proportionality for similarly situated heroin addicts who aren't forced to reside in a drug house, and therefore do not have to bear responsibility for that house." Appellant's Brief at 7.

**{¶32}** Upon review, we find appellant's arguments as to disproportionality for purposes of R.C. 2929.11(B) and 2929.14(C)(4) are unpersuasive under the facts and circumstances of this matter.

**{¶33}** Appellant's Third Assignment of Error is overruled.

**{¶34}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Knox County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Baldwin, J., concur.


JWW/d 1228