[Cite as *State v. Cleavenger*, 2020-Ohio-73.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-P-0036** |
| CAROL CLEAVENGER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2017 CR 01095.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Wesley C. Buchanan*, Buchanan Law, Inc., 195 South Main Street, Suite 202, Akron, OH 44308 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1}    Defendant-appellant, Carol Cleavenger, appeals from the judgment of the Portage County Court of Common Pleas, convicting and sentencing her following the entry of a guilty plea for Endangering Children and Obstructing Justice. The issues to be determined in this case are whether the entry of a guilty plea waives a statute of limitations defense, whether a guilty plea can be voluntarily given when the statute of limitations may have expired, and whether judicial fact-finding is permitted when a court orders consecutive sentences. For the following reasons, we affirm the decision of the

lower court.

{¶2} On December 26, 2017, Cleavenger was indicted by the Portage County Grand Jury for Endangering Children, a felony of the third degree, in violation of R.C. 2919.22(A)(2), and Obstructing Justice, a felony of the third degree, stated in the indictment as a violation of R.C. 2919.22(A)(2) but properly characterized as a violation of R.C. 2921.32. No error has been assigned as to this issue.

{¶3} Cleavenger filed a Motion to Dismiss on May 30, 2018, arguing that "the charge of communicating false information to a law enforcement officer" should be dismissed as barred by the statute of limitations, since she was charged 11 years after the conduct occurred.

{¶4} A plea hearing was held on June 5, 2018, at which Cleavenger entered a guilty plea to the two counts charged in the indictment. A summary of the conduct constituting the offenses was not provided at the plea hearing but, pursuant to the PSI and victim statements made at the sentencing hearing, the charges relate to the victim, Cleavenger's daughter, being sexually abused by her stepfather and Cleavenger's failure to disclose the abuse to the police and/or cooperate in the investigation of this matter. Defense counsel indicated they were withdrawing the Motion to Dismiss. The judge reviewed the rights Cleavenger waived by entering the plea as well as potential penalties and accepted her plea. A Judgment Entry memorializing the plea and a Written Plea of Guilty were filed on June 6, 2018.

{¶5} At the February 15, 2019 sentencing hearing, the State argued that the victim had suffered psychological harm and requested consecutive sentences. The victim stated that Cleavenger "chose to keep [her] rapist husband over [her] child" and

2

that she covered up her abuse. Cleavenger's counsel emphasized her lack of a criminal record and argued that her husband had concealed the abuse from her. Cleavenger expressed that she was sorry for causing harm to her family. The court found that Cleavenger had "isolated [her] daughter," protected her husband, could have stopped the abuse, and lied to police. The judge stated that she had reviewed the record, including the victim's statements and PSI and ordered Cleavenger to serve a term of three years for each offense, to be served consecutively. The court memorialized the verdict and consecutive sentencing findings in a February 21, 2019 Order and Journal Entry.[1]

{¶6} Cleavenger timely appeals and raises the following assignments of error:

{¶7} "[1.] The trial court committed structural error by permitting Carol to change her plea to guilty.

{¶8} "[2.] Carol's plea was not knowingly, voluntarily, or intelligently[] made.

{¶9} "[3.] The trial court engaged in judicial fact finding, which is unconstitutional.

{¶10} "[4.] Carol received ineffective assistance of counsel."

{¶11} In her first assignment of error, Cleavenger argues that the trial court committed "structural error" by permitting her to plead guilty to the offenses when the statute of limitations had expired for both.

{¶12} "Structural errors" are those which "defy analysis by 'harmless error' standards" because they "'affect[] the framework within which the trial proceeds, rather than simply [being] an error in the trial process itself.'" *State v. Fisher*, 99 Ohio St.3d

---

1. A Nunc Pro Tunc Order was issued on March 12, 2019, correcting the statutory section under which Cleavenger was convicted for Obstructing Justice, from R.C. 2919.22 to R.C. 2921.32.

127, 2003-Ohio-2761, 789 N.E.2d 222, ¶ 9, citing *Arizona v. Fulminante*, 499 U.S. 279, 309 and 310, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991); *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, ¶ 50. A structural error "permeate[s] '[t]he entire conduct of the trial from beginning to end.'" *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 17, quoting *Fulminante* at 309. Structural errors have been found "only in a very limited class of cases," such as where the trial judge was biased, there was a complete denial of counsel, or racial discrimination occurred in grand jury selection. *State v. Wilks*, 154 Ohio St.3d 359, 2018-Ohio-1562, 114 N.E.3d 1092, ¶ 133. Cleavenger cites to no authority for the proposition that the principle of structural error applies in the case of a defendant entering a guilty plea when the statute of limitations has expired.

{¶13} Furthermore, the Ohio Supreme Court and United States Supreme Court "have cautioned against applying a structural-error analysis where, as here, the case would be otherwise governed by Crim.R. 52(B) [plain error] because the defendant did not raise the error in the trial court." *Perry* at ¶ 23. Finding an error not brought to the court's attention to be structural "would * * * *encourage* defendants to remain silent at trial only later to raise the error on appeal where the conviction would be automatically reversed." *Id.* While Cleavenger raised the statute of limitations issue in a motion to dismiss, she agreed to withdraw the motion when entering the plea; therefore, it would be more properly evaluated under a plain error standard. *State v. McClurkin*, 10th Dist. Franklin No. 11AP-944, 2013-Ohio-1140, ¶ 31 ("[i]n light of that withdrawal [of defendant's motion to suppress], the issue was not brought to the trial court's attention, and appellant has forfeited the issue on appeal * * *").

4

{¶14} Moreover, several appellate districts, including this one, have repeatedly held that entering "a plea of guilty acts to waive the benefits of the application of statutes of limitations" and thus, the merits of such arguments cannot be raised on appeal. *State v. Ware*, 11th Dist. Lake No. 2007-L-154, 2008-Ohio-3992, ¶ 14, fn. 2; *State v. Keinath*, 6th Dist. Ottawa No. OT-11-032, 2012-Ohio-5001, ¶ 25 ("[b]ecause the expiration of the statute of limitations is not a jurisdictional defect, we conclude that appellant is precluded from raising this issue on appeal"); *State v. Brown*, 43 Ohio App.3d 39, 43-44, 539 N.E.2d 1159 (1st Dist.1988); *see also Daniel v. State*, 98 Ohio St.3d 467, 2003-Ohio-1916, 786 N.E.2d 891, ¶ 7 ("the expiration of a statute of limitations is not a jurisdictional defect") (citation omitted). However, to the extent that the issue of the statute of limitations can be raised in relation to the voluntariness of a guilty plea, particularly regarding ineffective assistance of counsel, we will address that argument below. *State v. Talley*, 11th Dist. Lake Nos. 2017-L-143 and 2017-L-144, 2018-Ohio-5065, ¶ 32.

{¶15} The first assignment of error is without merit.

{¶16} We will next address Cleavenger's fourth assignment of error, wherein she argues that she received ineffective assistance of counsel due to defense counsel's failure to raise the statute of limitations defense as well as the issue of preindictment delay.

{¶17} To demonstrate ineffective assistance of counsel, a defendant must prove "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." *State v. Madrigal*, 87

5

Ohio St.3d 378, 388-389, 721 N.E.2d 52 (2000), citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶18} It has been consistently held by this court that a plea of guilty waives claims of ineffective assistance of counsel "except to the extent that the errors precluded the defendant from knowingly, intelligently, and voluntarily entering his or her guilty plea." *Talley*, 2018-Ohio-5065, at ¶ 32; *State v. Bregitzer*, 11th Dist. Portage No. 2012-P-0033, 2012-Ohio-5586, ¶ 17.

{¶19} As an initial matter, the State argues that Cleavenger waived this argument by entering a guilty plea. It has been held, however, that trial counsel's failure to advise of the statute of limitations can avoid the application of the waiver requirement as it impacts the voluntary nature of the plea. *State v. Seeley*, 7th Dist. Columbiana No. 2001 CO 27, 2002-Ohio-1545, ¶ 32-35 (finding the defendant demonstrated that counsel's ineffectiveness in failing to raise a statute of limitations defense prevented him from entering a knowing and voluntary plea). Thus, we will consider the merits of Cleavenger's arguments.

{¶20} First, as to the offense of Endangering Children, Cleavenger argues that she was not advised that she could have asserted the statute of limitations defense nor that she was waiving such defense by pleading guilty.

{¶21} We recognize that the statute of limitations for Endangering Children is six years, R.C. 2901.13(A)(1)(a), and that more than six years had passed between the time the acts constituting the offense occurred and the initiation of the charge against Cleavenger. However, we must emphasize that the record in this matter is completely devoid of any indication as to why the statute of limitations defense was not raised for

this offense in the present matter.

{¶22} The record does not indicate whether the statute of limitations for Endangering Children was discussed between defense counsel and Cleavenger, why a motion to dismiss due to the statute of limitations was filed for Obstructing Justice but not Endangering Children, or, even, as the State suggested, whether Cleavenger might have been aware of the statute of limitations but chose to enter a plea of guilty as a means to reconcile with the victim and atone for her serious criminal acts. Cleavenger's contention that she involuntarily entered the guilty plea is premised upon an assumption that trial counsel failed to advise her of the applicability of the statute of limitations, a fact which by itself cannot be proven in the absence of an affidavit or other evidentiary materials supporting such a claim. The record as presented to this court simply contains nothing to assist this court in determining the propriety of defense counsel's actions and representation.

{¶23} While we recognize the possibility that the statute of limitations had expired at the time Cleavenger entered her plea and that Cleavenger was unaware of this fact, we do not find that justice is served by determining this issue in the absence of a clear record and by pure speculation, especially given the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052, 80 L.Ed.2d 674. "[I]t is almost always difficult, if not impossible, to adjudicate a claim of ineffective assistance of trial counsel with reference solely to matters contained in the record" of the original proceedings since the record is based on the guilty plea of the defendant rather than "the issue of trial counsel's effectiveness." *State v. Hennis*, 165 Ohio App.3d 66, 2006-Ohio-41, 844

7

N.E.2d 907, ¶ 11 (2d Dist.). "Where a claim of ineffective assistance of counsel is based on evidence that is outside of the record, it is more properly pursued in a petition for post-conviction relief since such a claim is 'impossible to resolve on direct appeal.'" (Citation omitted.) *State v. Hall*, 11th Dist. Lake Nos. 2019-L-027 and 2019-L-031, 2019-Ohio-4000, ¶ 21; *State v. Moore*, 11th Dist. Ashtabula No. 2018-A-0050, 2019-Ohio-1597, ¶ 14 ("[w]hen affidavits or other proof outside the record are necessary to support an ineffective assistance claim * * * it is not appropriate for consideration on direct appeal") (citation omitted). This allows for proper resolution of the disputed issues and prevents prejudice against the State by "adjudicating the issue of trial counsel's ineffectiveness without having had an opportunity to explore the subjects of the attorney's advice to his client and the client's instructions to his attorney." *Hennis* at ¶ 11.

{¶24} Thus, while we cannot resolve this issue on direct appeal, Cleavenger has available the more appropriate remedy of a postconviction petition where she can introduce documentary evidence and an affidavit to support her alleged claim of ineffective assistance of counsel pursuant to R.C. 2953.21.

{¶25} The record also fails to demonstrate ineffective assistance of counsel as to the offense of Obstructing Justice. Counsel did raise, through the Motion to Dismiss, the argument that the charge should be dismissed as being initiated outside of the statute of limitations. This motion was withdrawn a few days later when the guilty plea was entered. Although the reason for the withdrawal was not discussed at the change of plea hearing, this does indicate at least a potential awareness of this issue by Cleavenger.

8

{¶26} Further, it is at least arguable whether the statute of limitations on the Obstructing Justice offense had expired. Pursuant to R.C. 2901.13(G), "[t]he period of limitation shall not run during any time when the corpus delicti remains undiscovered." The corpus delicti is "the body or substance of the crime and is made up of two elements: (1) the act itself and (2) the criminal agency of the act." *State v. Climaco, Climaco, Seminatore, Lefkowitz & Garofoli Co., L.P.A.*, 85 Ohio St.3d 582, 586, 709 N.E.2d 1192 (1999). "[A] criminal statute of limitations may be tolled when the corpus delicti of the offense is not immediately discoverable." *State v. Cook*, 128 Ohio St.3d 120, 2010-Ohio-6305, 942 N.E.2d 357, ¶ 23. "In cases other than those involving child abuse, discovery of the corpus delicti occurs 'when any competent person other than the wrongdoer or someone * * * [equally at fault] with him has knowledge of both the act and its criminal nature * * *.'" (Citation omitted.) *State v. Beck*, 2016-Ohio-8122, 75 N.E.3d 899, ¶ 13 (1st Dist.).

{¶27} This principle has been most commonly applied in cases where an act of deception/perjury has occurred but the only person who knew of the criminality of the conduct was the offender himself. *See State v. Cleveland*, 9th Dist. Lorain No. 08CA009406, 2009-Ohio-397, ¶ 35 ("It is, at the least, arguable that if Avery testified under oath at the January 2008 hearing differently than he did at the five previous trials with regard to Blakely's murder, he could be prosecuted for perjury because the limitations period would have been tolled until the State 'discovered' the perjury."); *Cook* at ¶ 37 (although falsified deeds were created in 2001, "the corpus delicti of the offense herein was not discovered until February 2004, the date that the church trustees discovered the deeds," at which time the statute of limitations began running). A

9

legitimate argument could be raised that the failure of police to discover the offense was due to the deception by Cleavenger which then might extend the statute of limitations.

{¶28} Given this legitimate potential strategy by counsel, and the lack of evidence to the contrary in the record as discussed above, we also find no ineffective assistance of counsel was demonstrated as to the Obstructing Justice offense.

{¶29} The fourth assignment of error is without merit.

{¶30} In her second assignment of error, Cleavenger argues that her pleas to Endangering Children and Obstructing Justice were not knowingly, voluntarily, and intelligently given since "the trial court did not inform [her] that she was waiving her claim that the statute of limitations had expired" and, thus, should not have been accepted by the trial court.

{¶31} When "a criminal defendant admits his guilt in open court, he waives the right to challenge the propriety of any action taken by the court or counsel prior to that point in the proceeding unless it affected the knowing and voluntary character of the plea." (Citation omitted.) *State v. Miller*, 11th Dist. Geauga No. 2017-G-0136, 2018-Ohio-4379, ¶ 15. To the extent that Cleavenger argues her pleas were involuntary, it is appropriate to consider the merits of her argument.

{¶32} In a felony case, "the court * * * shall not accept a plea of guilty or no contest without first addressing the defendant personally" and complying with requirements to "[d]etermine that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved * * *"; inform the defendant of the effect of his plea and that the court may proceed to judgment and sentencing; and advise the defendant of the rights waived by entering the

10

plea. Crim.R. 11(C)(2)(a)-(c).

{¶33} Here, there is no question that the court advised Cleavenger of her constitutional rights, the offenses to which she was pleading guilty, and the maximum penalties faced, as well as inquired whether she had reviewed the plea and was satisfied with her counsel. The issue is whether she needed to be advised of the statute of limitations and expressly state that she was waiving her right to raise that defense for the court to accept her plea.

{¶34} Since there is no right to be informed that one is waiving a defense relating to the statute of limitations expressed in Crim.R. 11(C)(2)(c), the standard of substantial compliance applies. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 14-15. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." (Citation omitted.) *Id.* at ¶ 15.

{¶35} In support of the contention that Cleavenger's plea was involuntary since she was not informed by the court that she was waiving the statute of limitations defense, she relies upon *State v. Hollis*, 91 Ohio App.3d 371, 632 N.E.2d 935 (8th Dist.). In *Hollis*, the Eighth District considered whether a plea was knowingly, voluntarily, and intelligently entered where, during the plea colloquy, defense counsel, the court, and the prosecutor all expressed that they were unsure whether the statute of limitations had elapsed, but the court continued on with proceedings and accepted the defendant's guilty plea. *Id.* at 374-377. In determining that the defendant should have been allowed to withdraw her plea, the appellate court concluded that the "continuing uncertainty regarding the applicable statute of limitations precluded appellant from

11

entering a knowing, voluntary and intelligent plea." *Id.* at 377.

{¶36} We do not find *Hollis* to be applicable to the present circumstances. The *Hollis* court itself noted that the "reversal is limited to the unique facts of the instant case and the state of its record." *Id.* In fact, the Eighth District has distinguished subsequent cases from its holding in *Hollis*, where there was not a demonstrated lack of confusion over the statute of limitations: "there is no indication on the record that appellant or his attorney was unaware of the statute of limitations, or that there was a possibility the prosecution was untimely." *State v. Robinson*, 8th Dist. Cuyahoga No. 75423, 2000 WL 193219, *2 (Feb. 17, 2000).

{¶37} Cleavenger's counsel filed a motion to dismiss based on statute of limitations issues for the offense of Obstructing Justice, indicating awareness that statute of limitations issues were considered by counsel. At the plea hearing, the State and defense counsel both stated that Cleavenger would be withdrawing her pending motion and moving forward with a plea of guilty. Immediately after this discussion, the court inquired whether counsel's description was her "understanding of the plea agreement," to which she responded affirmatively. In other words, this is not the case where the parties were entirely unaware a statute of limitations issue existed or where the record demonstrates confusion existed over this issue. At the least, the record fails to support Cleavenger's assertion that her pleas were involuntary. Based upon the record before this court, we find no grounds to determine that there was confusion surrounding the circumstances of the pleas such that they were not voluntarily and intelligently made.

{¶38} The second assignment of error is without merit.

12

{¶39} In her third assignment of error, Cleavenger argues that the trial court erred in sentencing her by taking into consideration facts outside of the record when sentencing her, constituting judicial factfinding "which is unconstitutional." *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

{¶40} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14, or * * * [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a) and (b). However, since Cleavenger failed to object to her sentence, "our review is limited to consideration of whether the trial court committed plain error." *State v. Snyder*, 11th Dist. Ashtabula Nos. 2017-A-0041, et al., 2018-Ohio-2826, ¶ 12.

{¶41} While Cleavenger cites to *Apprendi* for the conclusion that trial courts cannot make factual findings, this principle does not apply to judicial factfinding in relation to consecutive sentences, which the court made here. As the Ohio Supreme Court has recognized, its prior understanding that *Apprendi* stood for the proposition that "requiring judicial fact-finding prior to imposing consecutive sentences violated the

Sixth Amendment guarantee of trial by jury," was "dispelled in *Oregon v. Ice.*" *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 2 and 18, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. In *Oregon v. Ice*, the United States Supreme Court held that judicial fact-finding before imposing consecutive sentences is constitutionally permissible. 555 U.S. 160, 171-172, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009). In fact, "judicial fact-finding is * * * required to overcome the statutory presumption in favor of concurrent sentences." *Bonnell* at ¶ 23.

{¶42} In performing the factfinding necessary to order consecutive sentences, it is proper to consider "the record, and information presented at the hearing, any presentence investigation report, and any victim impact statement." (Citation omitted.) *State v. Jirousek*, 2013-Ohio-5267, 2 N.E.3d 981, ¶ 49 (11th Dist.) (relying upon such information "does not run afoul of * * * *Apprendi* * * * because Ohio law does not mandate the court to make findings based upon such information to increase an otherwise maximum-authorized penalty"); *State v. Kitts*, 5th Dist. Knox No. 17 CA 09, 2018-Ohio-366, ¶ 25-26. To make its consecutive sentencing determinations, the trial court had to consider available facts surrounding the child endangering offenses and the false statements made to police, including the impact the offenses had. Contrary to Cleavenger's argument, there was nothing improper about the court's statement that "this was the worst form of the offense," which played a part in the determination that a consecutive sentence was warranted, supporting the finding that the harm was so great that such a sentence was necessary to adequately reflect the seriousness of Cleavenger's conduct. R.C. 2929.14(C)(4)(b).

{¶43} While Cleavenger contends that the "trial court took into consideration

14

facts outside of the record," it is not evident which facts she is referencing. The court's conclusions, as it stated, were based upon the PSI as well as the statements made at the sentencing hearing, including the victim's statement. Although Cleavenger takes issue with the fact that the victim's statements were read at sentencing in relation to both the offenses committed by Cleavenger and her husband, who was sentenced separately, she cites no law that this was improper. The facts of the husband's case were tied to the facts of the present matter and the statements were provided by the same victim for conduct surrounding that activity.

{¶44} As an additional note, and although this is not specifically argued by Cleavenger, the State asserts that the court made all of the necessary findings for ordering consecutive sentences. We do not disagree, as the court found such sentences were necessary to protect the public from future harm or to punish the defendant, the sentences were not disproportionate to the seriousness of her conduct and the danger she poses to the public, as well as made the additional finding that the harm caused by the two offenses was so great or unusual that no single prison term would adequately reflect the seriousness of her conduct. These findings satisfied the requirements of R.C. 2929.14(C)(4).

{¶45} The third assignment of error is without merit.

{¶46} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is affirmed. Costs to be taxed against appellant.

CYNTHIA WESTCOTT RICE, J.,

MARY JANE TRAPP, J.,

concur.

15